O. S. GARRETSON, Appellee, v. MERCHANTS & BANKERS' INSURANCE COMPANY, Appellant.

1. **Fire Insurance**: POLICY: CONDITIONS: CONSTRUCTION. Permission in a policy of fire insurance to use the insured premises for "any mercantile purpose" will not authorize their use as a restaurant.

2. ———: ———: ———: WAIVER: AGENTS. An agent of a fire insurance company employed to solicit risks, deliver policies and collect premiums, and having no authority to make contracts, cannot bind the company by his consent to an unauthorized use of the insured premises, nor waive a forfeiture of the policy resulting from a breach of its conditions.

3. ———: ———: PLEADING: EVIDENCE. The plaintiff pleaded in one count of the petition an oral agreement on the part of defendant to procure additional insurance, to which plea there was a general denial. The issue thus formed was withdrawn from the consideration of the jury. *Held*, that there being no evidence of the power of defendant to enter into such a contract, nor of the agent's authority to bind the company by such a contract, the issue was properly withdrawn. [BECK and GIVEN, JJ., dissented from the opinion of the majority upon the last point.]

*Appeal from Polk District Court.*—HON. MARCUS KAVANAGH, Jr., Judge.

| 81 | 727 |
| 90 | 459 |
| 81 | 727 |
| s92 | 293 |
| 81 | 727 |
| 98 | 225 |
| 81 | 727 |
| 114 | 156 |
| 81 | 727 |
| f126 | 129 |

WEDNESDAY, JUNE 4, 1890.

ACTION upon a policy of insurance. There was a judgment upon a verdict for plaintiff from which the defendant appeals.

*Baker & Haskins*, for appellant.

*Whiting S. Clark*, for appellee.

BECK, J.—I. The policy sued on contains a condition against the use of gasoline, or other similar material, or gas produced therefrom, and providing that a disregard of the prohibition shall void the policy. The evidence shows, without contradiction, that at the time of the fire a gasoline stove was in use in the room of the house where the fire originated, and a gallon of gasoline was at that time in the tank of the stove. The plaintiff claims that the forfeiture of the policy by reason of this breach of its condition was waived by reason of the alleged existence of these facts: *First.* That defendant's agent was informed of, and consented to, the use of the building as a restaurant, which includes the use of a gasoline stove. *Second.* That subsequent to the loss the defendant claimed no forfeiture, but required plaintiff to furnish proof of loss, which was done at his expense. The alleged facts upon which are grounded these claims of plaintiff, briefly stated are these: *First.* The application indorsed upon the policy declares that the building insured is to be occupied and used for "any mercantile purpose." *Second.* That the agent of the defendant was informed of, and assented to, the use of the building as a restaurant. *Third.* That the use of a gasoline stove is usually necessary in carrying on a restaurant. *Fourth.* That after the loss the agent of defendant had knowledge of the use of the gasoline stove, and the defendant required proofs of loss, which were furnished at plaintiff's expense.

1. FIRE insurance : policy conditions: construction.

II.   The permission to use the building for "any mercantile purpose," granted pursuant to plaintiff's application, does not authorize the use for a restaurant, which is not a mercantile purpose.   The word "*mercantile*" means "pertaining to merchants, or the business of merchants ;  having to do with trade,  or the buying and selling of commodities ;  commerce."  Webster.   The business of keeping a restaurant is in no sense commerce.   If a restaurant be a mercantile establishment,  the term is  equally applicable  to taverns, boarding-houses and the like, which cannot be admitted. The point demands no further attention.   Permission to use a building for "any commercial purpose" does not authorize its use as a restaurant.   The ninth instruction given to the jury is in conflict with these views, and is, therefore,  erroneous.

III.   The evidence shows without dispute that the officers of  the defendant had  no  knowledge of,  or information as to, the use of the building.

2. —— : —— : —— : waiver : agents. There is evidence tending to show that defendant's soliciting agent was informed of, and assented to, the use of a building for a restaurant.   And the evidence without conflict shows that the agent had no other power than to solicit risks, deliver policies and  collect  premiums,  and  his  authority extended no further.   He possessed no special authority to do any acts,  or to make any contracts which would have the effect to waive any condition of the policy. Agents of insurance companies clothed with authority to enter into contracts of insurance for their companies, *i. e.*, to issue policies, may waive conditions in the policies  and  forfeitures arising  thereon.   But agents possessing the  limited powers of soliciting insurance, delivering  policies  and  receiving  premiums  cannot waive conditions and forfeitures.   As they have no authority to make contracts, they cannot be allowed to waive the conditions.   *Viele v. Germania Ins. Co.*, 26 Iowa, 9 ;  *Armstrong v. State Ins. Co.*, 61 Iowa, 212.   If it be assumed that the defendant's agent had knowledge of the use of the building as a restaurant,

and assented thereto, and even knew of and assented to the use of a gasoline stove, the defendant is not bound thereby, for the reason that the agent did not act within the scope of his authority.  In our opinion the evidence wholly fails to support the verdict, in that there is no evidence tending to prove that the defendant had any knowledge of, or assented to, the use of the building for a restaurant, or that at any time before or after the fire, and prior to their direction as to proof of loss, defendant's officers had any knowledge of the use of a gasoline stove in the premises.  The evidence, too, does not show, nor tend to show, that the agent had authority to waive any conditions of the policy or any authority other than to take applications for and solicit insurance, deliver policies and collect premiums.  The jury could not have found for plaintiff unless they had found these things. The verdict, therefore, is so without the support of the evidence, that it ought to have been set aside.

Other questions presented in argument by defendant's counsel need not now be discussed as the judgment must be reversed for the errors just pointed out.

IV.  There were two counts in the petition, the second being upon an oral agreement to procure additional insurance,  The court in its instructions to the jury informed them, that "the second count in the petition is withdrawn from your consideration."  To this instruction plaintiff excepted, and, from the ruling of the court in giving the instruction, appeals.

3. ——: ——: pleading: evidence.

The record fails to show that this count was assailed by demurrer or motion, or to present any ground upon which the instruction was based.  But it does show that issue was taken upon the count by a general denial, and by a special defense based upon the ground that the contract set up in the count is not within the power of the defendant to make, but is *ultra vires*.  The record does not show that the court held, and so directed the jury, that there was not sufficient evidence to support the cause of action on the second count; it simply shows in the opinion of Mr. Justice GIVEN and myself, that

the court below arbitrarily, and without being required to pass upon the sufficiency of the count by motion or demurrer, withdrew it from the consideration of the jury while an issue was pending thereon, which ought to have gone to the jury. In the opinion of Mr. Justice GIVEN and myself the ruling and instruction are plainly erroneous for the reason that, in place of an adjudication upon the law and the facts involved in the second count, they substitute the withdrawal of the count from the consideration of the jury.

A majority of the court hold that the instruction and order are tantamount to an order for a nonsuit, or a direction for a judgment for defendant on the second count, and that there was an utter want of evidence to show the power of the defendant to enter into the contract upon which the second count is based, or to show that the agent of defendant had any authority to bind the company by such a contract ; his power, they hold, is shown to be restricted to soliciting risks upon which defendant should issue policies. Mr. Justice GIVEN and myself think differently, holding that, as the defendant was authorized by its articles of incorporation to transact the business of the "insurance of the property of its members," it was thereby empowered to make contracts binding it to procure or furnish such insurance to its members by policies in other companies, and that, as the agent was authorized to solicit insurance, and to take applications for policies, he had power to solicit contracts for insurance in other companies, and bind defendant by such contracts therefor.

A majority of this court think that the judgment of the district court on the second count ought to be affirmed. Mr. Justice GIVEN and myself would reverse it. REVERSED ON DEFENDANT'S APPEAL, AND AFFIRMED ON PLAINTIFF'S APPEAL.