ADA KIRKMAN v. THE FARMERS' INSURANCE COMPANY, Appellant.

Fire Insurance: Proof of Loss: WAIVER. An acknowledgement of notice of loss, coupled with a statement that, "the claim will receive prompt attention," does not waive a condition in the policy requiring proof of loss within sixty days.

SAME. After the sixty days were past, claimant wrote the company stating amount of loss, that notice had been given it and acknowledged, that the policy was burned, asking for a blank copy of it, and, "if the matter will be settled without suit, please inform me, if not, we desire suit to commence at once." In reply a copy of policy was sent with the statement that no proof of loss had been received. Still later, formal proofs were sent with an inquiry whether the same were satisfactory and whether the loss would be paid, to which no reply was made. *Held*, that this did not tend to waive the stipulated proof of loss.

SAME: ADJUSTER. Under a policy making it an express condition that none of its provisions could be waived, except in writing by the secretary, an adjuster can not orally waive proof of loss required by the policy.

*Appeal from Monroe District Court.*—HON. W. I. BABB, Judge.

THURSDAY, FEBRUARY 8, 1894.

ACTION on a policy of insurance against loss by fire. There was a trial by jury, and a verdict and judgment for plaintiff. Defendant appeals.—*Reversed.*

*Henry L. Dashiell* for appellant.

*T. B. Perry* for appellee.

ROTHROCK, J.—The property insured was a frame dwelling house, and certain household furniture and personal property kept and used in the house. The policy was issued on the twenty-fifth day of January,

1890, and the amount of the insurance was four hundred and twenty-five dollars. The property was totally destroyed by fire on the twenty-seventh day of June, 1890. The policy provides that, in case of loss of the property by fire, "the assured shall forthwith give notice of said loss to the secretary of the company, and within sixty days render a particular account of such loss, signed and sworn to by the assured, stating when and how the loss originated, the nature of the title, and interest of the assured and all others in the property." The application for the insurance was taken by one Mullen, a local agent of the defendant, who was a mere soliciting agent, without authority to issue policies. The day after the fire, the husband of plaintiff called upon Mullen, and advised him of the loss, and Mullen wrote a letter to the company at Cedar Rapids, giving notice of the loss. It is conceded that no proof of loss such as was required by the policy was made within sixty days after the fire. The plaintiff claims that formal proof of loss was waived by the defendant. In our opinion, the determination of this question is decisive of the case, and no other question need be considered. The defendant introduced no evidence on the trial, and, after the plaintiff had introduced her evidence, the defendant made a motion for a verdict against the plaintiff, one ground of which was as follows: "The proofs of loss were not furnished in sixty days after the loss, as required in the contract and the statute, and there is no evidence of any waiver of the same by the defendant." The motion was overruled, and the court charged the jury, and a verdict was returned for the plaintiff.

The claim of waiver of proofs of loss is based upon the acts of the officers and agents of the company by which the plaintiff was induced to believe that no proofs of loss were required. There is nothing in the evidence by which any waiver, founded upon the

acts or declarations of the agent Mullen could be inferred. Moreover, he was a mere soliciting agent, with no power to issue policies or bind the company by a contract of insurance. Agents possessing the limited power of soliciting insurance, delivering policies, and receiving premiums can not waive conditions and forfeitures. *Viele v. Insurance Co.*, 26 Iowa, 9; *Armstrong v. Insurance Co.*, 61 Iowa, 212, 16 N. W. 94; *Garretson v. Insurane Co.*, 81 Iowa, 727, 45 N. W. Rep. 1047. The letter written by the soliciting agent was received at the general office, and was answered by a postal card in these words:

"OFFICE OF FARMERS' INS. CO.
"CEDAR RAPIDS, IOWA, June 30, 1890.

"DEAR SIR:—Your notice claiming loss on your policy No. 178,879 has been received, and will receive prompt attention.         Yours, truly,
                    "J. H. SMITH, Prest."

No other communication was had with the home office until November 9, 1891, long after the expiration of the sixty days in which proofs of loss should have been made, when the following correspondence was had:

"ALBIA, IOWA, November 9, 1891.
"*J. H. Smith, President Farmers' Insurance Co., Cedar Rapids, Iowa:*

"Mr. Douglass Kirkman, husband of Mrs. Ada Kirkman, informs me that, on the twenty-seventh of June last, Mrs. Ada Kirkman sustained a loss by fire of her property insured with your company by policy No. 178,879. He says he has given you notice of the loss, receipt of which was acknowledged by you June thirtieth last. The policy was destroyed by the fire along with the property insured. The amount of the insurance was $425, which he claims his wife has sustained by the fire, and this amount he claims of your

company as the damage due his wife on the policy. If the matter will be settled without suit, please inform me. If not, we desire suit to commence at once. Will you please furnish me a copy of his policy, the original having been destroyed in the fire, and he will pay the expense.                          T. B. PERRY."

"CEDAR RAPIDS, IOWA, 11—12—'90.
"*T. B. Perry, Albia, Iowa:*
"As per your request of tenth inst., we herewith inclose you copy of policy issued to Mrs. Ada Kirkman, having date January 23, 1890, No. 187,879. No proof or affidavit of any loss sustained under this policy has been received by the company.
                          "J. H. SMITH, President."

On the fifteenth day of November, 1890, plaintiff's counsel transmitted formal proofs of loss to the defendant, with a letter inquiring whether the proofs were satisfactory, and whether the loss would be paid. The defendant made no reply. It is claimed that the postal card was an implied waiver of proofs of loss, because it was stated therein that the matter would "receive prompt attention." We do not think that this was a waiver of any act necessary to be done by the plaintiff. It was surely not necessary that the answer to the notice of loss should call the attention of the insured to the plain provision of the policy that required proofs of loss within sixty days. The president of the company might well say that prompt attention would be given, without waiving any part of the contract. The postal card was nothing more than notice that the company would give prompt attention in the performance of its contract. The correspondence which took place in November, as we view it, does not tend to prove a waiver of proof of loss. Plaintiff's counsel is a lawyer of undoubted experience and ability. He founds his claim of waiver upon the fact that the president of the company did not fully answer his letter. It is true, the

answer did not state that the matter would not be settled without suit. But the furnishing of a copy of the policy was to enable counsel to commence the threatened suit, and the statement that no proof of loss had been made was not an intimation that, if it should be made after that, the time of making it would be waived. It was rather an intimation to the learned counsel that he would likely fail in sustaining an action. It is further claimed that one J. H. Stahl was an agent of the defendant, known as an adjuster of losses, and that within sixty days, and on the eighth day of July, 1890, he appeared upon the premises where the property which was destroyed was situated, and that in conversation with the plaintiff and her husband he waived proof of loss, and stated that the insured had done all that was required for them to do, and that the defendant would settle the loss in sixty days. There is some doubt as to whether there was evidence sufficient to authorize a finding that Stahl was an adjusting agent, or that he was clothed with power to waive any stipulation in the policy. This question we need not consider, because the policy in suit contains this provision: "It is expressly provided that no officer, agent, or employee of this company, or any other person, can in any manner waive any of the conditions, provisions, or requirements of this policy, except the secretary, and he only in writing hereon; and this policy is made and accepted on the above express conditions." There is no question as to the rights of the parties under such a contract as this. There is no statute of this state by which insurance companies are bound by all the acts of the agents which they send out to deal with the public, and the courts can not say that a contract limiting the power and authority of agents is void. The plaintiff in this case must be held to have assented to this stipulation in the policy, and, for aught that appears, she is bound thereby. *Zimmerman v. Insurance Co.*, 77 Iowa,

691, 42 N. W. Rep. 462; *Cleaver v. Insurance Co.*, 32 N. W. Rep. (Mich.) 660; *Hankins v. Insurance Co.*, 35 N. W. Rep. (Wis.) 34. We have disposed of this question of waiver without determining whether the president of the company, notwithstanding the terms of the policy, had the power to make a valid waiver of its conditions. As we have said, we do not regard either the postal card or letter as evidence of a waiver. As to the declarations of the agent Stahl, it is clear from the above named cases, and many others that might be cited, that he had no authority to waive proofs of loss. We think the motion to direct a verdict for the defendant should have been sustained. REVERSED.