O'LEARY & BROTHER AND THE STAVER & ABBOTT MANU-FACTURING COMPANY V. THE MERCHANTS' AND BANKERS' MUTUAL INSURANCE COMPANY OF DES MOINES, IOWA, Appellant.

**Insurance:** WRITTEN CONSENT.  An insurance policy providing that it shall be void, if the insured contracts other insurance on the property without written consent *indorsed on the policy*, is avoided by the assured's obtaining such additional insurance without obtaining the required indorsement, although he obtains a letter from the secretary of the company obtaining such consent.

ON RE-HEARING.- -THURSDAY, DECEMBER 10, 1896.

**SAME:** *Powers of secretary.*  The written consent of the secretary and general agent of an insurance company, that an insured may place additional insurance upon the property covered by its policy, is not the consent of the company which the policy requires to be indorsed thereon in writing, where the policy also provides that no agent shall have power to waive any provision thereof, and no authority on the part of such secretary to make such consent for the company, or to waive such indorsement, is shown.

*Appeal from Iowa District Court.*—HON. S. H. FAIRALL, Judge.

FRIDAY, FEBRUARY 7, 1896.

ACTION to recover the sum of five hundred dollars upon a fire insurance policy. Trial by jury. Verdict and judgment for the plaintiffs. Defendant appeals. —*Reversed.*

*James A. Howe* and *Read & Read* for appellant.

*Thomas Stapleton* and *T. S. Kitchen* for appellees.

ROTHROOK, C. J.—The policy of insurance upon which the action was brought, was issued by the defendant to O'Leary & Plank, on the twenty-fourth day of May, 1888. Afterward Plank assigned his interest in the policy to O'Leary & Bro. This assignment was assented to by the defendant, by the proper indorsement in writing as required by the policy. The property insured consisted of a stock of farm implements, wagons, buggies and other merchandise. The property was destroyed by fire in December, 1891. After the fire, O'Leary & Bro. assigned their claim against the defendant to the Staver & Abbott Manufacturing Company, one of the creditors of the insured. These transfers have no particular significance, more than that, the action appears to be maintained for the benefit of the last-named company. The policy provided that the contract of insurance should become void if the assured contracted other insurance on the property, without consent in writing indorsed on the policy by the company. And it further provides that no agent of the company has any authority to waive, modify, or erase any of the printed conditions of the contract. It appears that O'Leary & Bro. afterward insured the property in other companies, to the extent of one thousand five hundred dollars, without complying with the foregoing provision of the contract. The policy was not sent to the general office of the company

for its indorsement consenting to the additional insurance, and no reason is shown in this whole record why the consent of the company was not obtained in the manner provided for in the contract. It is not claimed that the clause in the contract in reference to additional insurance was in any manner concealed, or that the plaintiffs did not know that they contracted that they would not procure additional insurance without obtaining the required indorsement. On the contrary, it would seem, from the fact that the plaintiffs sent in the policy, and procured the consent to the change of ownership by an indorsement in writing, that they were fully advised of the terms of the contract.

The plaintiffs claim that they procured the consent by writing a letter to the company, and that they received a letter in reply, from the secretary, consenting to the additional insurance. Neither of these alleged letters, and no copies thereof, were produced on the trial. O'Leary and his brother both testified, as witnesses, to the contents of the alleged letters. The secretary of the company testified that he neither received nor answered such a letter. It is contended in behalf of appellant that, although there may be a conflict in the evidence as to whether a letter was written and answered, the evidence did not show a compliance with the contract on the part of the plaintiffs. This is the main question in the case, and we think the court should have sustained objections to the evidence, and should have instructed the jury that, under the undisputed facts in the case, the plaintiffs were not entitled to a verdict, because they did not comply with their contract. There is no principle of law which sanctions any such failure to abide by a contract of insurance. It will be observed that this question does not involve a waiver of proofs of loss, or of holding the company liable for the acts of its

agents in effecting insurance. And there ought to be no question that an insurance company has the right to so contract as that its liability consequent upon a change in the contract, shall be in writing. These views are supported by the following cases: *Zimmerman v. Insurance Co.*, 77 Iowa, 685 (42 N. W. Rep. 462); *Kirkman v. Insurance Co.*, 90 Iowa, 457 (57 N. W. Rep. 952); *Hankins v. Insurance Co.* (Wis.) (35 N. W. Rep. 34); *Cleaver v. Insurance Co.* (Mich.) (32 N. W. Rep. 660); *Insurance Co. v. Watson*, 23 Mich. 486; *Smith v. Insurance Co.* (Vt.) (15 Atl. Rep. 353); *Gladding v. Insurance Co.* (Cal.) (4 Pac. Rep. 764). It is true that the secretary of an insurance company is an agent clothed with greater authority than adjusting or soliciting agents, but it is not an unreasonable require-ment that the policy holder should comply with his contract, in a matter of such importance as procuring additional insurance; and the reason of such a rule is exemplified in this case by the fact that when the fire occurred, the insurance on the property was about equal to its value. As this disposition of the case leads to a reversal, other alleged errors need not be considered. —REVERSED.

SUPPLEMENTAL OPINION ON RE-HEARING.

*Appeal from Iowa District Court.*—HON. S. H. FAIRALL, Judge.

THURSDAY, DECEMBER 10, 1896.

THE policy of insurance upon which recovery is sought in this action was issued to O'Leary & Plank on May 24, 1888. Thereafter, and with the consent of the company, as by the policy provided, Plank assigned his interest in the policy to O'Leary & Bro. The policy covered a stock of farm implements,

including wagons, buggies and twines.   December 10, 1891, the property was destroyed by fire.. Thereafter O'Leary & Bro. assigned their claim against the defendant company to the Staver & Abbott Manufacturing company, a creditor of the insured.   The cause was tried to a jury, and a verdict rendered for the plaintiff on which a judgment was entered.   Defendant appeals.—*Reversed.*

*Read & Read* for appellant.

*Thomas Stapleton* and *T. S. Kitchen* for appellees.

KINNE, J.—This cause was heard at the January term, 1896, and an opinion filed on February 7, 1896, reversing the judgment of the lower court. A re-hearing having been granted, and the case again argued, it is now before us for determination.   In the former opinion but one question was considered, as we then deemed it the controlling question in the case.   On a re-examination of the case, we are still of the opinion that no other question argued requires special consideration.   The policy provided that:   "This contract shall be void and of no effect unless consent in writing is indorsed hereon by the company in each of the following instances, viz.:   If the assured shall now have, or hereafter make or procure, any other contract of insurance, whether valid or not, on property conveyed in whole or in part by this contract.   *   *   *   No agent of this company has any authority to waive, modify, erase, or strike out any of the printed conditions of this contract. And it is mutually understood and agreed by and between this company and the assured that this contract is made and accepted upon and with reference to the foregoing terms, conditions, stipulations, and restrictions, all of which are a part of this contract."

After the policy had been issued, O'Leary & Bro. procured additional insurance thereon in other companies in the sum of one thousand five hundred dollars. No written consent for the same was ever given by the company, unless that hereafter mentioned can be so construed; and no consent was ever indorsed upon the policy by the company. The plaintiffs allege that O'Leary & Bro., in writing, informed the defendant's secretary of their desire to take additional insurance, and that the defendant consented thereto in a letter written and signed by the defendant's secretary. Defendant takes issue on these averments, and also pleads the conditions of the policy above set out; avers that additional insurance was procured upon the property by O'Leary & Bro., without the knowledge or consent of the company, and in violation of the terms and conditions of the policy. Evidence was introduced tending to sustain the respective allegations. Appellant contends that, even if it be found that O'Leary & Bro. wrote to the defendant for permission to take the additional insurance, and if the secretary replied in writing consenting thereto, still it is not shown that plaintiffs have complied with the terms and conditions of the policy with respect thereto. Their claim is that the consent to additional insurance must be in writing by the company, and must be by it indorsed upon the policy. Appellees claim that, if consent in writing was given by defendant's secretary, it is a compliance with the terms of the policy, though it was never indorsed thereon. The secretary of the company, who in this instance gave the consent to the additional insurance if it was given, was not the company, and could not consent for it, unless authorized so to do. Here is a positive provision of a contract, expressly assented to by the assured, whereby all agents of the company are prohibited from doing the

act claimed to have been done in this case.   The sec-
retary, though an officer, and, as the evidence shows,
a general agent, is nevertheless an agent within the
provision of the contract prohibiting agents from con-
senting to additional insurance.   True it is, this
defendant is a corporation, and must, of necessity, act
through its agents; and it may be that, as a general
agent of the defendant, he was, by the laws of the
corporation, clothed with power to act for it in the
matter of consenting to the taking of additional insur-
ance.   There is, however, no evidence in this record
as to the character and extent of his powers further
than that he countersigned policies, did consent to an
assignment of this policy, and approved the risks
taken by the company.   It is urged that because he was
a general agent we may presume that he had power to
waive an express provision of the policy prohibiting
him from doing the act which it is claimed he did
do.   If the act in controversy was one not prohib-
ited by the express terms of the contract, or if
the contract was silent respecting it, it may be
that we should be warranted in presuming that
such power was possessed by the secretary and gen-
eral agent, as it is manifest that the power to do the
act must, of necessity, rest somewhere.   In this case
the company itself has taken from its secretary, by the
terms of the contract, whatever power he might other-
wise have had to consent to additional insurance,
except as is provided in the policy.   In the absence of
evidence that power had been reposed in the secretary
and general agent, by the by-laws of the company, or
in some other way, to abrogate and set aside the
express provisions of the policy, which are a clear
limitation upon his powers, the latter are binding
upon him as well as upon the assured, who assented
thereto.   As said in Mechem, Ag. section 287: "The
general agent, therefore, binds his principal when, and

only when, his act is justified by the authority conferred upon him." Nor can we presume that Kirkman had authority to act contrary to, and in violation of, the terms of the contract. *Hollis v. Insurance Co.*, 65 Iowa, 458 (21 N. W. Rep. 774). If authority to do the act in question rested in the secretary and general agent, notwithstanding the provisions of the policy, it should have been shown by the plaintiffs. Our conclusion, then, is that the secretary and general agent, in view of the provisions of the policy, and in the absence of evidence showing authority, did not have authority to consent, as it is claimed he did, to the taking of the additional insurance. No case has been before this court in which the provisions of the policy were exactly like those in the case at bar. In *Kirkman v. Insurance Co.*, 90 Iowa, 457 (57 N. W. Rep. 952), a policy was considered which contained provisions very similar to those contained in the policy before us. It was said in that case: "There is no question as to the rights of the parties under such a contract as this. There is no statute of this state by which insurance companies are bound by all the acts of the agents which they send out to deal with the public, and the courts cannot say that a contract limiting the power and authority of agents is void. The plaintiff in this case must be held to have assented to this stipulation in the policy, and for aught that appears, she is bound thereby." This case was followed in *Ruthven v. Insurance Co.*, 92 Iowa, 316 (60 N. W. Rep. 666). In *Taylor v. Insurance Co.*, 98 Iowa, 521 (67 N. W. Rep. 579), in referring to similar conditions in a policy, we said: "The conditions of a policy upon which the defendant relies are, in the absence of statutory regulations, valid, and binding upon the plaintiff." See, also, *Zimmerman v. Insurance Co.*, 77 Iowa, 685 (42 N. W. Rep. 462). Without now determining whether, in case the secretary and general agent had

power to consent to the additional insurance, such consent would be binding upon the company, it not having been indorsed upon the policy, it may be proper to add that the cases relied upon by plaintiffs as holding that a waiver, if in writing, need not be indorsed upon the policy, even when so required by the contract of insurance, do not contain provisions like those in the case at bar. The provisions in the policy before us are not only materially different, but this policy contains additional provisions, which may have an important bearing upon the question presented. In the view we have taken, it was error to admit the evidence regarding the consent to the additional insurance. The jury should have been instructed that, as plaintiffs had not complied with the provisions of the policy with reference to additional insurance, they could not recover. For the reasons given, the judgment below is REVERSED.