E. E. TAYLOR V. THE STATE INSURANCE COMPANY,
Appellant.

**Principal and Agent:** INSURANCE: *Notice.* Where the powers of an
insurance agent are limited to making contracts of insurance, and
receiving policies, he has no power, *after* he has issued a policy,
to permit insured to take additional insurance, and thus to waive
a provision of the policy that the taking of such insurance, with-
out the written consent of the company, will render the policy
void.

SAME. That the agent verbally permitted such additional insurance
after issuing the policy, and the company did not cancel the pol-
icy afterwards, does not estop it to insist upon said provision of
the policy, where the verbal permission was given without its
knowledge.

CORRECTION OF POLICY: *Reformation.* An insurance agent author-
ized to make contracts of insurance may, during the continuance
of his agency, at any time, even after loss, correct a policy issued
by him by inserting property included in the original contract, but
omitted from the policy by mistake; and such correction dispenses
with the need of a correction by the court.

**Plea and Proof:** WAIVER. In an action on a fire policy, where the
petition averred notice and proof of loss, accompanied by the affi-
davit required, copies of which were attached as exhibits, and the
answer admitted that the papers thus set out were received, their
delivery was established without putting them formally in evi-
dence.

KINNE, J., took no part.

*Appeal from Tama District Court.*— HON. JOHN R.
CALDWELL, Judge.

MONDAY, MAY 25, 1896.

ACTION at law upon a policy of insurance, to
recover for a loss alleged to have been covered by it.
There was a trial on the merits, which resulted in a
verdict for the plaintiff, by direction of the court, and

a judgment for the amount of the verdict. The defendant appeals.—*Reversed.*

*O. B. Ayres* and *J. W. Willett* for appellant.

*Struble & Stiger* for appellee.

ROBINSON, J.—On the tenth day of April, 1893, the defendant issued to the plaintiff a policy of insurance against loss or damage by fire to the amount of three thousand dollars, of which one thousand five- hundred dollars were on his brick building, and three hundred dollars on his postoffice and office furniture and appurtenances. The remainder was on property described as follows: "His type, cases, stands, plates, imposing stones, rollers, printing papers, and all other materials not more hazardous, usual to a country printing office, including one steam engine and boiler contained therein." The policy contained the following provisions: "No officer, agent, or representative of this company shall be held to have waived any of the terms or conditions of this policy unless such waiver shall be indorsed hereon in writing." And, "if, without written consent hereon, * * * there is any prior or subsequent insurance, valid or invalid, * * * then * * * this policy shall be void." Also, "this policy is made and accepted upon the above express conditions, and no part of this contract can be waived except in writing, signed by the secretary of the company." The contract of insurance had been made by the plaintiff with a local recording agent of the defendant, named Bowen. On the day of the fire, or, at latest, the next day, the plaintiff discovered that the word "presses" was not used in the description of the property insured, and spoke to Bowen in regard to it. Bowen said it was omitted by mistake, took the

policy to his office, inserted the words "presses" after the word "his," making the description read "on his presses, type," etc., and returned the policy to the plaintiff. On the thirtieth day of March, 1894, during the term of the policy, the property insured, with some exceptions of minor importance, was destroyed by fire. In due time, the plaintiff sent to the defendant a notice, accompanied by an affidavit, showing the loss. The defendant having failed to pay it, this action was commenced to enforce payment. The answer of the defendant contains a general denial of every allegation of the petition not admitted, and pleads as affirmative defenses that the policy it issued was altered without authority, by inserting the word "presses" in the description of the property insured, and that, after the policy was issued, additional insurance, in the sum of one thousand dollars, was obtained of the Farmers' Insurance Company of Cedar Rapids, without the written consent of the defendant. The plaintiff, in his reply, admits the alteration in the policy, but avers that it was made to express the contract actually entered into by the parties. He also admits the additional insurance, but he alleges that it was taken by and with the consent of the defendant; that it had full knowledge of it, but did not object to it; and that it waived the conditions of the policy respecting subsequent insurance. The verdict and judgment were for three thousand and seventy-five dollars, besides costs.

I. The question of chief importance in this case is, what were the powers and duties of the agent, Bowen? It appears that he had an agreement in writing with the defendant, which was not, however, introduced in evidence; hence his authority and duty to act for the defendant must be determined from what he says in regard to it, and the policy in suit. Whatever his powers were with respect

to completed contracts of insurance, it is clear
that he was duly authorized to make contracts of
insurance, and to issue policies, in the name of the
defendant, on property like that in controversy.   His
right to have included the presses in the policy when
it was written is not even questioned.   It is shown
without conflict in the evidence that he and the
plaintiff agreed and intended to include the presses in
the policy, and that they were only omitted by mis-
take.   That being true, the writing did not express
the real agreement; and, since Bowen had the power
to express that agreement in writing when it was
made, we are of the opinion that the power to do so
was not ended by a delivery of the defective policy,
but that he might correct it while his agency contin-
ued.   The fact that the property was destroyed before
the correction was made did not affect his right to
perfect the policy.   *City of Davenport v. Peoria Marine
& Fire Insurance Co.*, 17 Iowa, 276; *Hubbard v. Insurance
Co.*, 33 Iowa, 325.   What was done was not a waiver
of any condition of the policy, but a correction, by the
duly-authorized agent of the defendant, to express the
true contract.   The evidence tended to show that the
plaintiff and Bowen acted in perfect good faith in
making it.   Since the policy was so corrected, there
was no occasion to ask a court of equity to reform it,
and it may be treated as though issued in its present
form.   The authorities cited by the appellant on this
branch of the case relate chiefly to actions on policies
which contained mistakes which had not been cor-
rected, and are not, therefore, applicable to the ques-
tion under consideration.

II.   Bowen was the agent of both the defendant
and the Farmers' Insurance Company of Cedar Rap-
ids.   After the policy in suit was issued, the plaintiff
applied to Bowen for additional insurance, in the sum
of one thousand dollars, and he issued a policy of that

company for that amount. He knew of, and, as we understand the record, at the time had in mind, the policy issued by the defendant; but, so far as is shown, he did not report the additional insurance to the defendant, and written consent therefor was not indorsed on its policy. Unless there has been a waiver of the conditions of the policy which required such an indorsement, the taking of the additional insurance, without it, renders the policy in suit void, for it is admitted that the policy of the Farmers' Insurance Company was valid. It is undoubtedly true that the conditions could have been waived, or that the defendant might have pursued such a course with respect to the additional insurance as to be estopped to rely upon the condition. Whether there has been a waiver, or whether there has been an estoppel upon which the plaintiff can rely, depends upon the powers and duties of Bowen as agent, for it is not claimed that any other person representing the defendant had any actual knowledge of the additional insurance, before the loss occurred. Bowen, as has been stated, was a recording agent of the defendant, with power to bind it by contracts of insurance, including the renewal of policies which were about to expire. Any knowledge of matters affecting property on which he issued policies, which he had at the time of making the contract of insurance, would, in law, be possessed by, and bind, the defendant. He had power, in contracting for insurance, to agree for the defendant that additional insurance in other companies might be carried; and, if he had knowledge of such additional insurance when he entered into a contract of insurance, the defendant might be bound, even though the additional insurance was not mentioned in the policy issued; but questions of that character and authorities respecting them are not applicable to the questions presented here. The

evidence does not justify the claim made by the plaintiff that Bowen was the general agent of the defendant, authorized to transact all of its business at the town of Traer, where he resided, with power to change and cancel policies.   It is not shown that it was his duty to supervise risks or otherwise act for the defendant after the policy was issued.   His authority to represent the defendant in making a contract of insurance appears to have been at an end when the contract was made and the policy was delivered.   If, as in this case, a mistake which he might correct was made, the policy might be returned to him for that purpose, but the correction would relate back to the original delivery of the policy, if there were no intervening rights.   Thus, in this case, the policy was corrected to make it cover the property which the defendant had agreed to insure; but as there was no agreement when the policy was issued, so far as the evidence shows, to permit additional insurance, the policy could not be corrected to permit it.   The original conditions of the policy with respect to that must prevail.   Those provided expressly that additional insurance would make the policy void unless written consent thereto should be indorsed on the policy, and that no condition of the policy could be waived except in writing signed by the secretary.   We need not determine whether there could in any case be a waiver in any other manner than that provided by the policy; but we may consider the conditions with the testimony of the witnesses submitted to us, to ascertain the powers of Bowen.   The entire record before us makes the conclusion unavoidable that he was not authorized to act for the defendant in waiving any condition of the policy, and that the evidence did not authorize the district court to find that notice to Bowen of the additional insurance, was notice to the defendant.   There is some evidence to

the effect that Bowen was in the habit of contracting for additional insurance after policies were issued. He testified in regard to that as follows: "After a policy was issued, if indorsements of other insurance are desired, I would attach a slip to that effect to the policy, and send a duplicate of it to the home office for approval; all for the approval of the home office. I don't think I ever had any other instance of granting other insurance after the other policy was written." The witness seems to have meant that this was the only case in which additional insurance was desired after the policy was issued, but that, if other cases should arise, he would proceed in the manner stated. That falls short of showing that he was authorized to bind the defendant, after its policy had been issued, by agreeing, verbally, to addititional insurance in another company.

The appellee has called our attention to numerous authorities which are said to support his claim that the defendant, through its agent Bowen, had notice of the additional insurance, and waived the conditions of the policy requiring written consent, or is estopped, by failing to cancel the policy, to insist upon the condition. We do not find that any of the authorities cited are applicable to this case. Most, if not all, of them, refer to knowledge possessed by the agent when the insurance was effected, to notices given to agents whose powers and duties respecting the risks did not terminate with the delivery of the policy, or to contracts of insurance which did not contain the conditions which are controlling in this case. In *Hagan v. Insurance Co.*, 81 Iowa, 321 (46 N. W. Rep. 1114) (a case more nearly like this than any of the others relied upon by the appellee), the agent knew at the time the policy was issued that the insured was applying for and intending to obtain additional

insurance, and his knowledge was held to be the knowledge of the company.

The conditions of the policy upon which the defendant relies are, in the absence of statutory regulation, valid and binding upon the plaintiff. He has failed to show any facts which exempt him from their operation. Our conclusion finds support in the following authorities: *Ruthven v. Insurance Co.*, 92 Iowa, 316 (60 N. W. Rep. 663); *Kirkman v. Insurance Co.*, 90 Iowa, 457 (57 N. W. Rep. 952); *Zimmerman v. Insurance Co.*, 77 Iowa, 685 (42 N. W. Rep. 462); *Hankins v. Insurance Co.*, 70 Wis. 1 (35 N. W. Rep. 34); *Clevenger v. Insurance Co.* (Dak.) (3 N. W. Rep. 313); *Cleaver v. Insurance Co.* (Mich.) (32 N. W. Rep. 660); *Knudson v. Insurance Co.* (Wis.) (43 N. W. Rep. 954); *Carey v. Insurance Co.*, 84 Wis. 80 (54 N. W. Rep. 18); *Wheaton v. Insurance Co.*, 76 Cal. 415 (18 Pac. Rep. 758); *Baumgartel v. Insurance Co.*, 136 N. Y. 547 (32 N. E. Rep. 990); Ostr. Ins. 554.

It follows from what we have said that the court erred in holding, as it must have done, that Bowen had authority to waive the condition of the policy in regard to additional insurance, or that the defendant was estopped, by failing to act upon his knowledge of the additional insurance, to insist upon the conditions.

III. The appellant claims that there was no evidence that the notice and proof of loss, required by the statute, were delivered to it. The petition averred that the notice, accompanied by the required affidavit, copies of which were attached to the petition as exhibits, was given; and the answer admitted that the papers thus set out were received. That was sufficient, and it was not necessary to introduce them formally in evidence. For the error

pointed out, the judgment of the district court is REVERSED.

KINNE, J., took no part.