CLAUDE CARVER, Appellant, v. PREFERRED ACCIDENT INSURANCE COMPANY of New York, Appellee.

No. 42428.

Dwight S. James, for appellant.

Miller, Miller & Miller, for appellee.

CLAUSSEN, J.—■ Plaintiff held an accident policy issued by defendant. On September 26, 1932, he claims to have been injured accidentally while playing golf. Ultimately he brought suit on the policy. He alleged the issuance of the policy to him, and his injury, and asked judgment for the benefits claimed by him. He attached a copy of the policy to the petition. It provided that written notice of injury on which a claim may be based must be given to the company within twenty days after the accident causing the injury. It also provided that "no agent has authority to change this policy or to waive any of its provisions. No change in this policy shall be valid unless approved by an executive officer of the company and such approval be endorsed hereon." No such indorsement was pleaded, but plaintiff pleaded that he had given oral notice of his injury to a general agent of the company on September 30, 1932, four days after the accident happened, and that the general agent then agreed to give proper written and timely notice to the company, and that the general agent did give written notice to the company on October 26, 1932, which was, of course, more than twenty days after the accident, by reason of which plaintiff claimed the provisions in relation to notice had been waived. In this situation the defendant company filed a demurrer to the plaintiff's petition and amendments thereto assailing their sufficiency because it appeared that written notice of the injury had not been given as required by the policy.

It is plaintiff's theory that the allegations of his petition and amendments thereto show that the giving of notice within twenty days was waived. It is defendant's theory that under the language

of the policy above quoted, the giving of notice within twenty days after the accident could only be waived by indorsement on the policy by an executive officer of the company, and that, in any event, the acts pleaded did not constitute a waiver of the giving of timely, written notice.

Similar provisions of policies against waiver of the provisions of the policy were before the court in Zimmerman v. Home Ins. Co., 77 Iowa 685, 42 N. W. 462; Kirkman v. Farmers Ins. Co., 90 Iowa 457, 57 N. W. 952, 48 Am. St. Rep. 454, and Ruthven Bros. v. American Fire Ins. Co., 92 Iowa 316, 60 N. W. 663. In such cases the view is suggested that such provisions are effective against waiver, etc., except in the manner specified in the contract. But in the case of Washburn-Halligan Coffee Co. v. Merchants Brick Mut. Fire Ins. Co., 110 Iowa 423, 81 N. W. 707, 80 Am. St. Rep. 311, the rule was carefully considered and the three cases last above referred to were reviewed and specifically overruled in so far as they announced such views. We are now committed to the rule that such provisions have application to the conditions and provisions of the policy which relate to the formation and continuance of the contract and do not apply to the conditions which are to be performed after the loss has occurred. Lake v. Farmers Ins. Co., 110 Iowa 473, 81 N. W. 710; Perpetual Building & Loan Ass'n v. U. S. Fidelity & Guarantee Co., 118 Iowa 729, 92 N. W. 686. It follows that the provision of the policy, requiring notice, could be waived notwithstanding the provisions of the policy above quoted, and it is not open to doubt but what the provisions as to notice could be waived with such language out of the way. 1 C. J., page 478, section 195; 37 C. J., page 558, section 313.

The question naturally arises in this situation as to who could waive the requirement of the policy in relation to notice. The allegation of the petition is that the giving of notice was waived by a general agent of the defendant company. The term "general agent" may not define the scope of the powers of the agent, but it is a term that has a generally accepted meaning. It denotes an agent having broad and general powers. We think that the allegation of the pleading would support the admission of evidence that the agent had sufficient power to waive the provisions of the policy in relation to notice. In this view the statement of the petition that the waiving agent was a general agent is a sufficient allegation of the

power of the agent. See McDonald v. Equitable Life Assur. Soc., 185 Iowa 1008, 169 N. W. 352.

But one question remains. It is whether the acts of the agent alleged in the petition and amendments are sufficient to constitute a waiver of notice. It is alleged that plaintiff orally notified the general agent of his injury, well within the time limit set for giving notice, and that the general agent agreed that he would give proper and timely written notice to the company. Concerning the sufficiency of these allegations to plead a waiver of further acts on the part of plaintiff in relation to notice of the accident, we have no doubt. In view of the allegation that the agreement was made by a general agent, the situation is the same as if it were alleged that the company had said to plaintiff, "You need do nothing further in regard to giving notice." It amounts to pleading an express waiver of the giving of notice by plaintiff.

Appellant complains only because the demurrer was sustained. He pleaded certain facts, in addition to the ones discussed above, which he contends estop the defendant from defending on the ground that timely, written notice was not given and which he insists constitute a waiver of the right to object because notice in writing was not earlier given. We have indicated that the judgment of the trial court sustaining the demurrer must be reversed. A further examination of plaintiff's contentions can lead to no other result.

The demurrer should have been overruled.—Reversed.

MITCHELL, C. J., and EVANS, ALBERT, KINDIG, DONEGAN, and ANDERSON, JJ., concur.