UNITED FIREWORKS MANUFACTURING COMPANY, INC., Petitioner, *v.* SUPERIOR COURT OF PUERTO RICO, SAN JUAN PART, HÉCTOR RUIZ SOMOHANO, JUDGE, Respondent; ARTURO DEL RIVERO ET AL., Interveners.

No. O-67-18.     Decided June 27, 1968.

*McConnell, Valdés & Kelley* and *V. Rodón Elizarde* for petitioner. *Martín Almodóvar Acevedo* and *Felipe Benicio Sánchez* for intervener Arturo del Rivero. *Martínez Muñoz, Agrait Oliveras & Otero* for intervener Gelpí Brothers, Inc.

First Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Santana Becerra, Mr. Justice Blanco Lugo, and Mr. Justice Ramírez Bages.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

The question for decision in this appeal is whether the petitioner, United Fireworks Manufacturing Company, Inc., a foreign corporation, was properly served with process by delivery of copies of the third-party complaint and of the summons to Mr. Néstor Piovanetti, as alleged agent of said corporation in Puerto Rico.

On December 30, 1963, Arturo del Rivero and his wife, María Borges filed a complaint before the Superior Court, San Juan Part, against Gelpí Brothers, Inc., doing business under the name of Farmacia Gelpí Super Drug, charging said defendant with negligence, consisting in that some Bengal lights purchased by the minor María Milagros del Rivero Borges, plaintiffs' daughter, at defendants' business were defective, causing the death of said minor.

On November 2, 1965 the defendant, Gelpí Brothers, Inc., filed a third-party complaint against United Fireworks Manufacturing Company, Inc., and Golden Cross, Inc., alleging therein that the Bengal lights which caused the death of plaintiffs' minor daughter were sold to the third-party plaintiff, Gelpí Brothers, Inc., by Golden Cross, Inc., doing

business as Farmacias Unidas and that in turn said product was manufactured by United Fireworks Manufacturing Company, Inc.

On February 21, 1966 the latter entered a special appearance to request that the service be declared invalid alleging that Néstor Piovanetti, upon whom service was made as agent of said third-party defendant, was not its agent in Puerto Rico nor was he authorized to receive summons in its name.

The aforesaid motion was set for hearing and Mr. Piovanetti testified during the hearing. Without said witness having concluded his testimony, the parties submitted a stipulation of facts to the court.[1]

On June 17, 1966 the court entered an order denying the motion for nullity of summons. After another hearing was held, the court denied the motion for reconsideration submitted by the third-party defendant, United Fireworks Manufacturing Company, Inc.

At the latter's request we agreed to review the proceedings.

The third-party defendant is a corporation of the State

---

[1] The facts stipulated were the following:

"a) That Piovanetti's statements that he is agent or general agent of United Fireworks Manufacturing Company, Inc., or its attorney in fact is a conclusion reached by him on the basis of the letters introduced in evidence and of his statements from the witness stand on his services for United Fireworks.

"b) That he is the only person in Puerto Rico which procures orders for United Fireworks Manufacturing Company, Inc., according to the terms of his testimony.

"c) That he has been sued personally and has requested the United Fireworks Manufacturing Company, Inc., to pay for the legal expenses he might incur in his defense.

"d) That the United Fireworks Manufacturing Company, Inc., invoices the clients directly and Mr. Piovanetti is not contractually liable nor authorized to collect said invoices except on some rare occasions when he has been asked to render some service for United Fireworks as it appears from the letters marked Exhibits 1, 2, 3, 4, and 5.

"4—The parties stipulate that they accept in evidence Exhibits 1, 2, 3, 4, and 5 introduced by the third-party defendant." (Original record, pp. 50, 51.)

of Illinois which is engaged in the manufacture of Bengal lights, firecrackers, and other related products. Said products are manufactured outside Puerto Rico and are sold abroad. This corporation has no offices in Puerto Rico, nor employees or properties. Neither does it have a telephone in its name in the directory.

Néstor Piovanetti and his brother, who do business under the name of Dumont Sales Agency, act as salesmen on commission for many North American companies, among them the third-party defendant United Fireworks Manufacturing Company, Inc. The Piovanetti brothers received catalogues of the products or samples manufactured by United Fireworks Manufacturing Company, Inc., and the price list of said products. With this information the Dumont Sales Agency (Piovanetti brothers) proceeded to take orders in the name of their customers and submitted them to United Fireworks Manufacturing Company, Inc. These orders were subject to acceptance or rejection by the manufacturing company. The acceptance was notified directly to the purchaser by acknowledgment of receipt, copy of which was sent to Dumont Sales Agency. The manufacturing company sent the products directly to the purchaser, invoicing the latter and sending a copy of said invoice to Dumont Sales Agency. The customer paid the invoice directly to United Fireworks Manufacturing Company, Inc. The Dumont Sales Agency received a commission for the sale orders accepted by the manufacturing company and lacked authority and discretion to confirm the sales or change the prices submitted by the United Fireworks Manufacturing Company, Inc. The Dumont Sales Agency did not intervene either in the delivery of the products nor in the collection of accounts, except on some occasions when the manufacturing company requested its cooperation in collecting the payment of some accounts in arrears. Likewise, Dumont Sales Agency was not authorized to carry out any business transaction, except in the aforesaid man-

ner,[2] nor to employ persons, make loans or receive summons in the name of United Fireworks Manufacturing Company, Inc.

A letter dated March 30, 1965 addressed by United Fireworks Manufacturing Company, Inc., to Pedro Santos Morales of Santurce was introduced in evidence in which reference was made to Dumont Sales Agency as agent of said corporation in the Puerto Rican area.[3]

Rule 4.4 (e) of the Rules of Civil Procedure provides that the service of the summons and complaint shall be made as follows:

"(e) Upon a corporation, company, partnership, association, or any other juridical person, by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or designated by law to receive service of process."

At the threshold we must discard the fact that Mr. Piovanetti was an officer of United Fireworks Manufacturing Company, Inc., or an agent authorized by appointment or designated by law to receive service of summons in the name of said corporation.[4] It is proper, therefore, to determine

---

[2] When a customer sent the purchase order directly to the manufacturing company, the latter sent it to Dumont Sales Agency "so that we would write the order of payment and send it back," testified at the trial Mr. Néstor Piovanetti.

[3] The text of said letter is as follows:

"We would suggest that you [sic] it would be to your advantage to contact Mr. Néstor Piovanetti, Dumont Sales Agency, P.O. Box 9483, Santurce, Puerto Rico. This firm acts as our agent in the Puerto Rican area and should be able to direct you to someone who handles fireworks in that area who can take care of your requirements. Obviously, shipments of small quantities of fireworks from the United States would result in exorbitant freight cost for you. We have, therefore, taken the liberty of forwarding your letter to the firm named above and trust that you will be in touch with each other concerning your requirements."

[4] Pursuant to Rule 4.7 as amended by Act of 1965, substitute service may be resorted to in the cases prescribed in said rule. The General Corporation Law of January 1956, in its § 1404 (14 L.P.R.A. § 2404),

whether according to the above stated facts Piovanetti was managing agent or general agent of the third-party defendant.

In *Schwartz* v. *District Court*, 73 P.R.R. 800 (1952), we discussed and established the difference between a managing agent and a general agent. We said at page 813: "A general agent is different from a managing agent and, as to the latter, the requirements are more stringent, but valid service may be made on either class of agent. *Jacobowitz* v. *Thomson, supra*, opinion delivered by Judge Clark. *Swarts* v. *Christie Grain & Stock Co.*, 166 Fed. 338, 342, also establishes the difference between a managing and a general agent since the former controls, directs, or supervises a corporate business and the latter has a more generally representative status. A general agent is one authorized to conduct a series of transactions involving a continuity of service. Restatement of the Law of Agency, § 3 (1). The power to exercise an independent judgment is a factor to be considered, but it is not essential if there is continuity of service. See *Todd Shipyards Corporation* v. *The City of Athens*, 83 F.Supp. 67, 88 and *Hackney* v. *Fairbanks, Morse & Co.*, 143 S.W.2d 457. The general agent is an agent having broad and general powers, *Carver* v. *Preferred Accident Ins. Co.*, 256 N.W. 274, or authorized to transact all of his principal's business of some particular kind or at a particular place, and authorized to act on behalf of his principal in all matters included within the ordinary course or nature of his principal's business. *Warren Webster & Co.* v. *Zac Smith Stationery Co.*, 130 So. 545; *Federal Surety Co.* v. *White*, 295 Pac. 281; *Great American Casualty Co.* v. *Eichelberger*, 37 S.W.2d 1050; *Bank of Ferguson* v. *Blick*, 115 S.W.2d 27; *Evans* v. *Johnston*, 20 N.E.2d 841, 847, and

---

authorizes service of process on the Secretary of State or on the official designated by him for such purposes; when the corporation does not have an agent designated in accordance with the provisions of § 1401 of the Corporation Law itself.

Words and Phrases, Vol. 18, p. 117, permanent edition. The agent's authority need not extend over the whole business of the principal (*Hackney* v. *Fairbanks, Morse & Co., supra*), nor need the agent be an officer of the corporation. *Vardeman* v. *Penn Mut. Life Ins. Co.*, 54 S.E. 66."

■ In the light of these legal doctrines, Dumont Sales Agency was not a managing agent nor a general agent of United Fireworks Manufacturing Company, Inc., for, as we have seen, the function performed by Dumont was limited to soliciting purchase orders in the name of another person and forwarding them to the manufacturing company which accepted them or not, and cooperating with that company in the collection of some or another account in arrears or rendering some other service of slight importance.

■ The letter in which the third-party defendant mentions Dumont Sales Agency as its agent is not controlling in determining whether Dumont was an agent of the said third-party defendant with sufficient authority to receive service of process in the latter's name. What is really controlling is the nature of the relations between the parties. The manner in which the parties designate the relationship is not controlling either, and if an act done by one person in behalf of another is in its essential nature one of agency, the one is the agent of such other notwithstanding he is not so called. Conversely, the mere use of the word "agent" by parties in their contract cannot be held to have the effect of making one an agent who, in fact, is not such. 3 Am. Jur.2d 431. See *Board of Trade* v. *Hammond Elevator Co.*, 198 U.S. 424, 49 L.Ed. 1111; *Green* v. *Jones-Murphy Properties, Inc.*, 335 S.W.2d 822; *Trotter* v. *Grand Lodge, I.L.H.*, 109 N.W. 1099; *McCarty* v. *King County Medical Serv. Corp.*, 175 P.2d 653. Whether or not a person is an agent of another does not depend upon what a document says, but upon the acts actually executed by that person. *National Mut. Bldg. &*

*L. Asso.* v. *Brahan,* 31 So. 840, *affd.,* 193 U.S. 635, 48 L.Ed. 823; *cf. Clarke* v. *Havard,* 36 S.E. 837; *Bell* v. *Riggs,* 127 Pac. 427; *Atlantic Coast Realty Co.* v. *Townsend,* 98 S.E. 684.

■ The use, then, of the word "agent" or other similar words by the parties does not necessarily establish a relationship of agency in the legal sense. *McCarty* v. *King County Medical Service Corp., supra.* The determination of whether a given individual is a managing or general agent depends on a factual analysis of that person's authority within the organization. 2 Moore, Federal Practice 1129; 1 Barron & Holtzoff, Federal Practice & Procedure 703, § 179. In this last work it is stated that generally a salesman is not an agent upon whom effective service can be made, but a salesman who has other authority in addition to solicitation of orders may be held to be authorized to receive service.

Dumont Sales Agency did not have sufficient additional authority to be held as agent of United Fireworks Manufacturing Co., Inc., since as we have already indicated, aside from soliciting orders, the few additional services performed by Dumont Sales Agency were of minor importance and were carried out by it when requested to do so.

For the reasons stated we decide that the service of process against third-party defendant United Fireworks Manufacturing Company, Inc., made on the person of Mr. Piovanetti is invalid.

The order of the trial court declaring valid said service will be reversed.