WILLIAM DRYER v. THE SECURITY FIRE INSURANCE COMPANY, Appellant.

Principal and Agent: INSURANCE.  An insured who cannot read or
1  write English is chargeable with knowledge of the limitations
   upon the authority of a soliciting agent, and that he cannot bind
2  the company, contrary to the provisions of the policy, by stating
   that it will make no difference where the insured property is
   situated.

*Appeal from Clayton District Court.*—HON. L. O. HATCH, Judge.

SATURDAY, APRIL 6, 1895.

Action at law to recover the amount of a loss alleged to have been covered by a policy of insurance issued by the defendant.  There was a trial by jury, and a verdict and judgment for the plaintiff.  The defendant appeals.—*Reversed.*

*D. D. Murphy* for appellant.

*James E. Corlett* for appellee.

Robinson, J.—The defendant issued to the plaintiff a policy insuring him against loss or damage by

fire, to the amount of four hundred dollars, on household furniture, beds, bedding, sewing machine, wearing apparel, and provisions. During the life of the policy, property it was designed to cover, to the amount of three hundred and forty dollars, was destroyed by fire. The defendant resists payment on the ground that the property insured was covered by the policy only when on the premises therein described, and that it was five miles from them when destroyed. The policy was issued on a written application of the plaintiff, which was prepared by an agent of the defendant named Adams. The application described the property insured as situate on and confined to premises on a section specified, and that description was carried into the policy. It may be conceded, for the purposes of this appeal, that according to the terms of the policy, it covered the property in question only when on the premises described; and it is admitted that the property was five miles from them when destroyed, although in the same county. The plaintiff is a German, unable to read or write the English language. The application was signed in October , 1889, and asked for insurance for the term of five years from the first day of that month. The policy was issued as asked in the application. At that time the plaintiff occupied the premises described in the application, as a tenant, and his lease for them expired on the first day of the next March. He testifies that when the application was prepared he told Adams that he would have to move on the first of March, and had better wait before insuring until he was settled; that Adams told him it would make no difference, so long as he remained in the county; that Adams said he "would fix it all right for him, so that it would be effectual wherever he might move to in the county." The application was then executed, but was

not read by nor to the plaintiff.    He had no knowledge before the fire that the policy did not cover the property excepting while it was on the premises he occupied when insured.

Adams denies some of the statements made by plaintiff, and claims that he told the plaintiff that in case of a change of location he must notify the company, but the jury was authorized to find the facts to be as testified by the plaintiff.    The defendant contends that the plaintiff is not entitled to recover, even though it be conceded that his claims in regard to the statements of Adams are well founded, for the reason that Adams was a soliciting agent only, without power to make contracts for his company.    It cannot be claimed that the evidence shows the authority of Adams to have been greater than that of a soliciting agent.    It does not appear that he had power to do more than to obtain applications for insurance, and forward them, with premiums, to the defendant.    Certainly it is not shown that he had any power to agree that a policy would be issued, on the application of the plaintiff, which would cover the property insured, wherever it might be, in Clayton county.    It is the well-settled rule in this state that the insurance company is bound by the knowledge of material facts which the soliciting agent possesses when he takes an application for insurance.    If the applicant answers correctly the questions asked by the agent, he has a right to rely upon the latter to so prepare the application that it will properly state the facts of which the principal wishes to be advised before issuing the policy.    If the agent prepares the application, but fails to have it show material facts, and the applicant is blameless, the failure of the agent is chargeable to the company and furnishes no ground upon which it can avoid liability.    *Jamison v. Insurance Co.*, 85 Iowa,

233, and cases therein cited; *Reynolds v. Insurance Co.,* 80 Iowa, 566; *McComb v. Insurance Co.,* 83 Iowa, 251. It was the right of the plaintiff to insure his property only on condition that the insurance should be good wherever the property might be in Clayton county, and it was within the apparent power of the defendant to furnish that kind of insurance. It was a part of the duty of Adams, in preparing the application, to designate in it the place or location where the insured property was to be kept during the life of the policy. He knew that the plaintiff would take insurance only on condition that it should continue good wherever the insured property might be, in Clayton county, during the life of the policy. He knew, for he was told, that plaintiff could not read in the English language. The application was designed to be the proposition of the plaintiff for insurance, and, as the agent prepared it, he should have caused it to express fairly and fully the proposition as made by the plaintiff. Knowing what that was, he volunteered to express it, but failed to do so. If the plaintiff was ignorant of that failure, and was not guilty of culpable negligence in not discovering the omission in the application or policy, it may be that the defendant would be estopped to deny that its policy covered the loss in question. But the district court instructed the jury as follows: "(8) The plaintiff, however, alleges, in substance, that, at the time he made the application for said policy, Mr. Adams, who, as agent for said company, solicited said application, represented to the plaintiff, without qualification, that the policy to be issued to him would cover said property, wherever the same might be located in this county, and that he, believing this and relying upon it, was induced to make the application and accordingly removed the property. The defendant company denies this, and

thus is presented the issue which you are to decide. (9) The burden of proof is on the plaintiff to prove, by a preponderance of evidence, that he was deceived by the agent of the company in the manner aforesaid. Unless the plaintiff has so proved this, he cannot recover. If he has so proved this he is entitled to a verdict in his favor. (10) The plaintiff and the agent Adams have both testified. Both agree that the plaintiff told the agent that he was only a tenant, and might want to remove his property. The plaintiff testifies, in substance, that the agent told him, without qualification, that it would be fixed so that he could remove the property to any place in the county, and said nothing about notice to the company. Adams testifies, in substance, that he told the plaintiff that he could remove the property to any place in the county by giving notice to the company. If Adams was right in his testimony, the plaintiff cannot recover. If the plaintiff was right, and if he was misled, as he claims, thereby, the plaintiff can recover." This portion of the charge, in terms, instructed the jury in regard to alleged misrepresentations of the agent, and the reliance of the plaintiff upon them; but its real effect was to instruct the jury that the plaintiff was authorized to rely upon the statements of the agent as to what the policy would cover, or, in other words, that the agent might make a contract which would bind his principal. That this was the natural and legal effect of the language used, cannot, we think, be successfully denied. But as we have seen, Adams appears to have been only a soliciting agent, and if that was his true character it was no part of his duty, and not within the scope

of his powers, to contract for his principal, to construe its policies, or to determine their legal effect.

2        As he was a special agent, not clothed with any apparent right to do more than to solicit insurance, and to perform such acts as were incident to that power, the plaintiff was charged with knowledge of the limitations of his agency, and was not authorized to give any contractual effect to the statements he made. His principal was bound by the knowledge he had when the application was prepared and accepted, but not by statements he made outside the scope of his apparent powers. We conclude that the district court erred in giving the portion of the charge quoted, and its judgment is for that reason *reversed*.