## J. A. FUNK v. THE IOWA BUSINESS MEN'S MUTUAL FIRE ASSOCIATION, Garnishee, Appellant.

**Insurance:** AMOUNT ALLOWED: *Construction of policy.* The time when total insurance must not exceed three-fourths the value of the property is not the time of loss, but the time when insurance is taken, notwithstanding a provision of policy and application "Total Insurance Permitted. Limited to three-fourths the cash value of property insured at the time of loss, and to be concurrent herewith," the only other reference in the policy to the amount allowed being that the policy shall be void if, without permission there be "other insurance, whether valid or not, in excess of the amount permitted herein;" and direction being given in the application "Do not insure for more than three-fourths of what it would cost to replace it;" and the amount of stock on hand, and the value of the average stock, and the concurrent insurance being there given, with the statement that assured understood and agreed that the total insurance on the property should not exceed three-fourths its cash value.

*Appeal from Polk District Court.*—HON. W. A. SPURRIER, Judge.

SATURDAY, OCTOBER 30, 1897.

PROCEEDINGS by garnishment. There was a trial by jury, and a verdict and judgment in favor of the plaintiff. The garnishee appeals.—*Affirmed.*

*Berryhill & Henry* for appellant.

*Geo. R. Sanderson* for appellee.

ROBINSON, J.—The plaintiff is a judgment creditor of L. H. Mudge. In October, 1894, the appellant issued

to Mudge a policy of insurance which purported to insure him against loss or damage by fire or lightning on a stock of merchandise and trade fixtures and furniture specified, to the amount of one thousand dollars. During the life of the policy the property insured was destroyed by fire, and the appellant was then garnished as a supposed debtor of Mudge by reason of the policy and loss. The only questions presented by this appeal which we find it necessary to determine relate to the validity of the policy, the appellant contending that it became void by reason of over-insurance contrary to its provisions. The contract of insurance consists of an application and a policy. The application contains the following:

"Notice to Applicants. The answers to questions in this application are your statement, and the sole basis on which we take the risk, and misrepresentations or false statements will void the policy. Please read your application after blanks are filled, to make sure that questions are answered correctly. The estimate of the value of the property must be made by you. Do not insure for more than three-fourths of what it would cost to replace it, allowing for all depreciation by age or use.

"Total Insurance Permitted. Limited to three-fourths the cash value of property insured at the time of loss, and to be concurrent herewith.

"I offer the following statement and agreement as the basis for insurance on the above-described property: What is the net amount of stock on hand? Answer. Three thousand and twenty-nine dollars. What is your average amount of stock? Answer. Three thousand dollars. What other insurance have you on stock? Answer. One thousand, two hundred and fifty dollars. Do you understand and agree that the total insurance on this property shall not exceed three-fourths its cash value, exclusive of land? Answer. Yes.

"I have read the above application, and hereby warrant the answers to all the questions therein to be true."

The policy contained the following:

"Iowa Business Men's Fire Association.  (Mutual). In consideration of the stipulations herein named, * * * and on the faith of the representations and agreements made in the application for the insurance, * * * does insure L. H. Mudge from noon of the fourth day of October, 1894, until canceled by act of the insured or by this association, against all direct loss or damage by fire or lightning, except as is hereinafter provided, to an amount not exceeding one thousand dollars. * * * Total insurance permitted limited to three-fourths the cash value at the time of loss, and to be concurrent herewith. It is hereby understood and agreed by the assured that neglect to comply with the conditions of the contract signed in this application * * * shall forever bar him from making any claim against this association. * * * This policy shall be void in each of the following instances, unless permission by the secretary be indorsed hereon or attached hereto: * * * Other insurance, whether valid or not, in excess of the amount permitted herein. * * *"

The jury found the value of the insured property destroyed to be two thousand, six hundred and twenty-two dollars and seventy cents, and it is admitted that the insurance upon it, including that in controversy, amounted to two thousand, two hundred and fifty dollars, or to more than three-fourths the value of the property insured, at the time it was destroyed. Was there, in that respect, such a violation of the conditions of the policy as made it void? A careful examination of the policy and application shows that the only reference to the amount of insurance, as compared with the

value of the property insured, which relates in terms to a time subsequent to the issuing of the policy, is contained in the following statement found in both instruments: "Total insurance permitted limited to three-fourths the cash value at the time of loss, and to be concurrent herewith." If that stood alone, there would be ground for claiming that the "total insurance" referred to might be in addition to, because it was to be concurrent with, that given by the policy in suit. If the provision be taken literally, the policy would be valid, to the time of the loss, in any event, and void, according to the theory of the defendant, at the moment of the loss, if the insurance at that time exceeded the limit prescribed. In other words, in such a case it would be valid for the purpose of collecting assessments, but void as a protection against loss to the insured. Of course, the real intent of the parties must be gathered from all parts of the contract construed together. Commencing with the application, we find that it requires the estimate of value to be made by the assured, and that it cautions him not to insure for more than three-fourths of what it would cost to replace the property insured. That part of the application refers clearly to the time of taking insurance, and not to what may occur after it is taken. The next clause we have already considered in connection with the same one in the policy. Then follow the questions and answers which were "the basis for insurance." They show the net amount of stock on hand, and the value of the average stock, and the concurrent insurance. It may be said that the next paragraph, which states, in substance, that the assured understood and agreed that the total insurance on the property should not exceed three-fourths of its cash value, exclusive of land, refers to time subsequent to the date of the application, but not necessarily so. The question was, no

doubt, printed in blank applications, and so framed as to apply to cases where concurrent insurance had not been, but might be, taken to the limit named. The reference to land contained in the question tends to show that it was intended for general use, as the application in this case did not ask for insurance on any building. The only portions of the policy which refer to the amount of insurance permitted are the ambiguous paragraph already considered, and the one which makes the policy void, if, without permission of the secretary, duly indorsed, "other insurance, whether valid or not, in excess of the amount permitted herein" is taken. That may refer to the amount of insurance as compared with the value of the property at the time a loss occurs, but it would refer as well to insurance at the time it was taken; and, if that was what the parties to the contract intended, nothing in the policy makes it void in case the total insurance on the property in question at the time it was destroyed exceeded three-fourths of its value. Although that interpretation is not free from difficulty, yet, when all the provisions of the contract are considered, it seems to be the most reasonable one to adopt, and it will effect justice. It is the one which the assured would be most apt to conclude was the one intended. The form for the application and the policy were prepared by the defendant. After having framed the contract in ambiguous terms, it should not be given the benefit of the interpretation most favorable to itself. That the assured lost property covered by his policies, of a value greater than the amount of his insurance, and that the loss was honest are not questioned, and there is no good reason why the garnishee should not pay its contract obligation. There does not appear to be any ground for disturbing the judgment of the district court, and it is AFFIRMED.