T. F. GURNETT v. ATLAS MUTUAL INSURANCE Co., Appellant.

**Insurance:** CONDITIONS OF POLICY: WAIVER. Where a policy of insur-
1  ance contains a provision, the violation of which renders it void, and the company issues the policy and accepts the premium with knowledge of its violation, it will be presumed to have intended to waive the condition.

**Agency:** IMPUTATION OF KNOWLEDGE. In the matter of imputing the
2  agent's knowledge to the insurer there is no distinction between a recording and a soliciting agent.

**Construction of policy.** The provision in the policy, that the invalid-
3  ity of other insurance should invalidate the contract, is held to relate to subsequent insurance.

Pro rating losses. In pro rating a loss only valid insurance should
be taken into account, although a void policy may have been
treated as valid and something paid in settlement thereof.

*Appeal from Webster District Court.*— HON. W. D. EVANS,
Judge.

WEDNESDAY, JULY 13, 1904.

THE defendant insured the plaintiff's property in the
sum of $1,500 for one year from February 9, 1902, and it
was destroyed by fire June 10, 1902.   In an action for the
indemnity stipulated, the defendant interposed certain de-
fenses, all of which were resolved against it by the jury.
Judgment was entered accordingly, and it appeals.—*Affirmed.*

*Berryhill & Henry,* for appellant.

*Healy Bros. & Kelleher,* for appellee.

LADD, J.— The policy of insurance sued on contained
the following conditions:

The total insurance permitted not to exceed at any time
three-fourths of the cash value of the property insured and
to be concurrent herewith.   *   *   *   It is understood, and
the insured by accepting this policy so agrees, unless permis-
sion signed by the secretary be endorsed hereon or added to
or attached hereto, if the insured now has or shall hereafter
make or procure any other contract of insurance, whether
valid or not, on property covered in whole or in part by this
policy, in excess of the amount permitted above, or in case
the other insurance is permitted and the additional insurance
be not valid and collectible insurance,   *   *   *   then, and
in either such case, it shall be held to be an election upon
the part of the insured to cancel said policy and the same
shall be void and shall stand cancelled upon the happening
of any of the foregoing events.   *   *   *   This company
shall not be liable under this policy for a greater proportion
of any loss on the described property   *   *   *   than the
amount hereby insured shall bear to the whole insurance,

whether valid or not, by solvent or insolvent insurers, covering said property.

There was other insurance amounting to $2,700, of which a policy of $1,000 issued by the Des Moines Fire Insurance Company was invalid, because the additional insurance exceeded that permitted. The plaintiff received something from it, however, in settlement of his claim of loss. The jury, in answer to special interrogatories, found the value of the property to have been $5,000 at the date of the policy and $3,070.97 when destroyed. It will be observed that when destroyed, the property, valued at $3,070.97, was insured for $4,200, and therefore that the insurance exceeded three-fourths of the value. For this reason the appellant insists that the policy was void. Doubtless this would be true were defendant in a situation to urge the defense.

The principle is well settled that when an insurance policy contains a condition which renders it void at its inception, and this is known to the insurer, it will be held to have waived such condition by receiving the

1. CONDITIONS OF POLICY: waiver.

premium and issuing its policy. *Williams v. Niagara Fire Ins. Co.*, 50 Iowa, 561, 568; *Carey v. Home Ins. Co.*, 97 Iowa, 619; *Hagan v. Merchants' Ins. Co.*, 81 Iowa, 321, 331. See, also, *Independent School Dist. v. Fidelity Ins. Co.*, 113 Iowa, 65; *Fitchner v. Fidelity Mutual Fire Ass'n*, 103 Iowa, 276. The evidence without dispute showed that when the defendant's agent negotiated the insurance he was informed that the property was worth but $5,000, and it was then covered by three policies issued by other companies, amounting in the aggregate to $2,700. Knowledge of the agent is to be imputed to the company, and in issuing its policy of $1,500 in addition to the above amount the defendant must be held to have done so knowing that this increased the insurance to more than three-fourths of the value of the property. The law is charitable enough to assume, in the absence of any showing to the contrary, that an insurance company intends to execute a valid contract in

return for the premium received; and when the policy contains a condition which renders it void at its inception, and this result is known to the insurer, it will be presumed to have intended to waive the condition, and to execute a binding contract, rather than to have deceived the insured into thinking his property is insured when it is not, and to have taken his money without consideration.

Appellant suggests that a distinction should be made, in the matter of imputing the agent's knowledge to the insurer, between a recording and a soliciting agent. Possibly,

**2. AGENCY:** imputation of knowledge.

but this court has held otherwise, as appears from the cited cases, following the ruling of a bare majority of the court in *Jordan v. State Insurance Co.*, 64 Iowa, 216. It should be added that all the record shows with respect to the class to which defendant's agent belonged is that the agent at one time solicited an application, and that the policy was mailed to him. He was informed of the facts when arranging for the insurance, and, as he was acting for the company in that particular transaction, it will be charged with the knowledge he acquired therein. To the suggestion that a waiver of excessive insurance when the policy issued will not include a subsequent excess, it is to be said that the latter, under the terms of the policy, invalidates it only when occasioned by additional insurance; and none such was taken out by plaintiff. Moreover, it does not appear that the insurance was less than or merely equaled three-fourths of the value of the property at any time, and therefore the condition of things to which the company assented continued up to the time of the loss.

II. It is further urged that, as the policy issued by the Des Moines Fire Insurance Company was invalid, the plaintiff, under the terms of the policy, should be held to have

**3. CONSTRUCTION OF POLICY.**

canceled it, and the policy sued on be declared void. But the clause of the contract, " or in case the other insurance was permitted and the additional insurance be not valid and collectible insurance,   *   *   *   it

shall be an election to cancel said policy," relates to insurance procured subsequent to the issuance of the policy. *Funk v. Association,* 103 Iowa, 660.

The policy stipulated that the company should not be liable for more than its *pro rata* share of the entire insurance, valid or invalid, and appellant argues that it should be

**4. PRO RATING LOSSES.** required to pay but fifteen forty-seconds of the loss, instead of fifteen thirty-seconds, as held by the district court. One thousand dollars of the insurance was invalid, and section 1746 of the Code provides that "no condition or stipulation in the policy of insurance fixing the amount of the liability or recovery under such policy with reference to the *pro rata* with other insurance on property insured shall be valid except as to other valid and collectible insurance, any agreement to the contrary notwithstanding." The stipulation of the policy in so far as it undertook to include the void policy in the matter of prorating ought not to be enforced. That the Des Moines Fire Insurance Company may have regarded its policy valid, or paid something in compromise to avoid litigation, can make no difference. The statute is to be read into the contract, and the rights of the parties thereunder became fixed at the time of the loss, and could not be affected by what might subsequently happen between the insured and third parties; especially when the total amount received by the insured does not equal the loss suffered. *Hays v. Milford Ins. Co.,* 170 Mass. 492 (49 N. E. Rep. 754) ; *Thomas v. Builders' Ins. Co.,* 119 Mass. 121 (20 Am. Rep. 317) ; *Turner v. Meridan Fire Ins. Co.* (C. C.), 16 Fed. Rep. 460.—AFFIRMED.