James McLaughlin, et al., v. The American Fire Insurance Co., Appellant.

**Insurance:** CONTRACT BY AGENT: REPORT OF RISK. Where an agent has authority to contract insurance on behalf of the company indemnifying the insured against loss caused by lightning, and the agent agrees to issue such a policy, the insured is not responsible for the agent's omission to correctly report the risk.

**Lightning clause:** INSERTION AFTER LOSS. Where the agent issuing an insurance policy omitted by inadvertence to attach a clause indemnifying the insured against loss by lightning, according to agreement, he had authority to insert such a clause after loss occurred.

**Completion of contract by agent.** An agent's authority to issue a policy of insurance continues until he has executed the policy contracted for, and the fact that he is permitted to retain the same after it is ready for delivery, while incomplete, will not render the agent the representative of the insured so as to deprive him of the authority to complete the contract.

*Appeal from Clayton District Court.*— Hon. L. E. Fellows, Judge.

Friday, December 16, 1904.

ACTION on policy of fire insurance. Judgment for plaintiff on a trial without a jury. Defendant appeals.—*Affirmed.*

*Dudley & Coffin,* and *J. E. Corlett,* for appellant.

*M. X. Geske* and *D. D. Murphy,* for appellee.

McClain, J.— The loss for which recovery was sought was by lightning, and the defense was that the policy did not cover such loss. It appeared, without substantial conflict in the evidence, that the insured applied to the recording agent of defendant for a policy covering loss by both fire and lightning, and that the agent, having authority to contract for insurance on behalf of defendant, agreed that such policy should be issued, the risk to attach from the time the contract for insurance was made; that the recognized method of doing business by the agent in behalf of the defendant was to attach to the form of a policy which did not cover loss by lightning a slip containing the usual lightning clause; that the policy was made out by the agent without such slip being attached thereto, and was held by him without delivery to the insured until after the loss occurred, when, noticing the omission to attach the slip containing the lightning clause, he then attached such slip to the policy and delivered it to the insured; and that he had full authority to issue policies with the lightning slip attached, and omitted to do so in this particular case through an oversight.

There is some contention on the part of appellant that the risk was reported by the agent to the defendant company without mentioning the lightning clause, but it appears that

1. CONTRACT BY AGENT: report of risks. what was reported was the continuance of the risk under a previous policy, and it does not appear in evidence whether such previous policy contained the lightning clause or not. But this we think immaterial. The agent had authority to contract for insurance on behalf of defendant, and to issue policies containing

the lightning clause, and in this case it appears that he did contract for such insurance.    It was not a matter with which the insured was chargeable that the risk was not correctly reported to the company.    If the agent failed correctly to report the risk, the company, and not the insured, was chargeable with the omission.

The substantial contention for the appellant is that the agent had no authority to vary the terms of a contract of insurance fully made and executed, evidenced by a written policy; and that, if by mistake the policy did not embody the agreement of the parties, the remedy of the insured was to bring an action in equity for reformation, and that he could not bring his action at law on a written policy and recover on proof of a different contract from that contained in the policy.    It is not necessary, however, to elaborate the discussion of this question.    We have held that where, by mistake of the agent in issuing the written policy, words have been omitted necessary to make it embody the binding contract for insurance, such words may be inserted by the agent, even after the loss has occurred. *Taylor v. State Ins. Co.,* 98 Iowa, 521.    In that case we went further than it is necessary to go in the case before us in recognizing the power of the agent, for there the policy had been delivered to the insured, and was corrected after such delivery and after the loss, while here the policy had never been delivered, and the insured was not therefore, as we think, chargeable with knowledge of the terms of the instrument.

*2. Lightning clause: insertion after loss.*

Counsel contend that, as the policy was allowed by the insured to remain in the custody of the agent after it was ready for delivery, such agent became his agent, and was no longer the representative of the company; but, conceding this to be true, the case is not taken out of the rule announced in *Taylor v. State Ins. Co., supra.*    Until the written policy was made to conform to the contract for insurance, it was not a completed execution of

*3. Completion of contract by agent.*

that contract, and did not relieve the company from liability under that contract.   Until the agent had completely executed his authority by issuing a policy embodying the terms of the binding contract, his authority to issue a policy of insurance continued.   Of course, when a written instrument is fully executed, it is presumed to embody the agreement of the parties, and any prior or contemporary oral agreement is merged therein; but if, by reason of mistake, it does not conform to the prior oral agreement, we see no reason for recognizing such a merger.   It is not necessary, however, to elaborate the arguments, for we think the rule is settled for this State in the case already cited, and we have no inclination to reconsider the conclusion there announced.   This is decisive of the present case, and the judgment of the trial court is *affirmed*.