ORR et al., Respondents, v. THE NATIONAL FIRE INSUR-
ANCE COMPANY, of Hartford, Conn., Appellant:

(210 N. W. 744.)

(File No. 6052.   Opinion filed November 20, 1926.)

1.  **Insurance—Mailing of Notice of Suspension of Liability Under
    Fire Policy, upon Nonpayment of Note Within 30 Days, Held
    Ineffective, in View of Policy Provisions.**

    Mailing of notice to effect that, if note given in payment of
    premium was not paid in 30 days, liability under fire policy
    would be suspended held not to release insurer from liability,
    where policy contained no provision for forfeiture or suspen-
    sion for nonpayment of note, it being immaterial that such a'
    provision was contained in application where it was not at-
    tached to policy which manifested an intent to put the entire
    insurance contract into one instrument.

2.  **Insurance.**

    Standard form fire policy evidences an intent to put entire
    insurance contract into one instrument in hands of insured.

3.  **Insurance—There Being No Default in Payment of Fire Premium
    Until After Due Date of Notice, Notice of Liability Under
    Policy Held Ineffective.**

    Notice given insured that liability under fire policy would be
    suspended, if note were not paid in 30 days, held ineffective
    where premium had been paid up to and beyond due date of
    note, Rev. Code 1919, § 9191, being inapplicable.

4.  **Insurance—To Cancel Fire Policy, Insurer Must Give Insured
    5-Days' Notice and Refund Unearned Premium (Rev. Code
    1919, § 9199).**

    Under fire policy provision and in accordance with standard
    form policy prescribed by Rev. Code 1919, § 9199, insurer, to
    cancel policy, must give insured 5-days' notice and refund un-
    earned premium paid.

5.  **Insurance—Fire Policy Will Be Construed Favorably to Insured
    to Eliminate Application as Part of Contract, Where Provi-
    sions Are Inconsistent.**

    Where fire policy sued on contained provision incorporating
    application into policy, but also contained provision that con-
    tract consisted of policy "together with such other provisions,
    agreements, or conditions, as may be indorsed hereon or added
    hereto," application not being added, policy would be construed
    so as to eliminate application, such construction being most
    favorable to insured.

**6. Insurance—Estoppel—Substantial Proof of Fire Loss Having Been Accepted by Insurer, Formal Proof Held Waived.**

Insurer, who treated statement of insured as proof of loss, denied liability, held estopped to object that requirement of giving formal proof of loss had not been complied with, especially where informality of proof had not prejudiced it.

---

Note.—See, Headnote **(1)**, American Key-Numbered Digest, Insurance, Key-No. 349(3), 26 C. J. Sec. 337; **(2)** Insurance, Key-No. 151(1), 26 C. J. Sec. 49 (Anno.); **(3)** Insurance, Key-No. 360(1), 26 C. J. Sec. 341 (Anno.); **(4)** Insurance, Key-No. 229(1), 230, 26 C. J. Secs. 162, 166; **(5)** Insurance, Key-No. 146(3), 26 C. J. Secs. 70, 77 (Anno.); **(6)** Insurance, Key-No. 558(1), 26 C. J. Sec. 510.

Rule that contract of insurance will be strictly construed against insurer and in favor of insured, see 14 R. C. L. 926; 3 R. C. L. Supp. 316; 4 R. C. L. Supp. 931; 5 R. C. L. Supp. 787; 6 R. C. L. Supp. 840.

Appeal from Circuit Court, Jerauld County; HON. FRANK B. SMITH, Judge.

Action by E. B. Orr and another against the National Fire Insurance Company of Hartford, Conn. From a judgment for plaintiffs, defendant appeals. Affirmed.

*Cherry & Davenport,* of Sioux Falls, for Appellant.

*Gardner & Churchill,* of Huron, and *Charles R. Hatch,* of Wessington Springs, for Respondent.

POLLEY, J. This action was brought to recover damages, caused by a tornado, on an insurance policy issued by the defendant company. The policy was issued on the 5th day of April, 1922, and was for a term of five years. The premium amounted to $195. Of this amount, a sufficient sum was paid at the time the policy was issued to reduce the balance due to $147.73. This amount was evidenced by two promissory notes executed by plaintiff and delivered to defndant. One of these notes was for $47.73 and was payable on the 1st day of November, 1922. A payment of $10 was indorsed on this note on the 11th day of May, 1922. The other note was for $100 and was payable on the 1st day of March, 1923. Each of these notes contained the following provision:

"It is hereby agreed that the company shall not be liable for any loss or damage that may occur to the property insured, while this note, or any part thereof, shall be overdue and unpaid."

On or about the 1st day of October, 1922, a notice purporting to comply with the provisions of section 9191, Rev. Code of 1919, was mailed to plaintiff by the Columbia Underwriters' Agency of Omaha, Neb., the agency through which the business with plaintiff was transacted. This notice informed plaintiff that the smaller of the two notes above mentioned would be due and payable on the 1st day of November, 1922, giving the amount with the interest that would be due on that date. Said notice then contained the following:

"You are hereby notified if you fail to pay the same within 30 days, the policy will be suspended, inoperative and of no force or effect so long thereafter as the note, or any part thereof, remains overdue and unpaid, and the same will be so entered upon the books of the company, but will be reinstated upon the payment of the premium due."

The notice then set out the various provisions enumerated in said section 9191, and then winds up with the following clause:

"In case of your election to terminate the above-mentioned insurance at the expiration of said 30 days, the amount which will be due you from this company on account of previous payments upon said premium will be the sum of $16.60."

Prior to or about the time of forwarding the above notice, defendant sent the said notes to its local agent at Wessington Springs, S. D., for collection, and, from that time until about the 14th day of June, 1924, vigorous and persistent efforts were made by defendant, through both the said Omaha agency and the said local agent at Wessington Springs, to collect said notes. But defendant never canceled the said policy, nor notified plaintiff that the policy had been canceled, nor did it return to plaintiff the portion of the money that plaintiff had paid on the premium, but that had not been earned on the 1st of November, 1922. On the other hand, that portion of the notice last above quoted gave plaintiff the option of terminating the insurance and claiming a return of the said $16.60.

On the 14th day of June, 1924, the insured property was damaged by a tornado. Plaintiff filed a claim for his loss with the local agent at Wessington Springs. Defendant denied any liability on the policy, and this on the sole ground that the said note due on the 1st day of November, 1922, had not been paid.

At the close of the trial, the court directed a verdict for plaintiff. Judgment was entered thereon, and defendant appeals.

The defendant interposed two defenses to the collection of the policy, first that the policy had lapsed for nonpayment of the premium; and, second, that plaintiff failed to furnish the proof of loss provided for by the policy. The policy involved is a standard form fire insurance policy, bearing a tornado or wind-storm rider.

[1] It is conceded that the policy went into effect when it was issued. This being true, it remained in force until it was canceled, or suspended by some means recognized by law, or lapsed by its own limitation of time. It is the contention of appellant that liability on the policy was suspended on the 1st day of November, 1922, by the mailing of the notice that was sent out from Omaha on the 1st day of October. But this notice did not have this effect, first, because there is no provision in the policy for forfeiting or suspending the policy for nonpayment of a promissory note. There is such a provision in the application and in the note itself, but neither the application, nor the note, nor copies thereof were attached to the policy, and the policy contains the following provision:

"This policy is made and accepted subject to the foregoing stipulations and conditions printed on the back thereof, which are hereby specifically referred to and made a part of this policy, together with such other provisions, agreements, or conditions, as may be indorsed hereon or added hereto."

[2] It was evidently the intent of the parties, as it is the intent of the law, as embodied in the standard form policy, to put the entire contract into one instrument that shall be in the hands of the insured. This was so declared by this court in the Lengbehn Case, 41 S. D. 581, 171 N. W. 820, and followed in the Ritter Cases, 48 S. D. 231, 203 N. W. 503, and Id., 48 S. D. 571, 205 N. W. 382.

[3, 4] But there is a second reason why the purported notice mailed out of Omaha on the 1st day of October was not effective, and why section 9191, Rev. Code 1919, is not applicable to the facts in this case, as they existed on the 1st day of November, 1922. Before a policy can be forfeited or suspended under that section, there must be a default in the payment of premium. In

this case, no such default existed. It will be remembered that a portion of the premium was paid when the policy was issued, and that the amount so paid, together with the amount that was paid thereafter, was sufficient, when figured at the short rate, to carry the policy beyond the 1st day of November, the date on which the first note fell due. The premium having been paid up to that date and beyond, the policy could not be forfeited on that date for failure to pay the note. Section 9199, Rev. Code 1919, which is the standard form and the form of policy involved in this case, provides a way for canceling the policy after the premium has been paid. Defendant could, had it desired to cancel the policy, have given plaintiff 5 days' notice and returned the unearned premium ($16.60) then in its hands and terminated its liability. But it could not retain the unearned premium and suspend or forfeit the policy. How long the $16.60 would have paid for the insurance at the short rate, or at the 5-year rate, does not appear, and, for all that appears in the record, the $16.60, together with a subsequent payment that was paid prior to the loss, may have been sufficient to pay for the insurance to the time of the loss.

[5] Our attention is called to the following language found in the policy:

"If application, survey, plan, or description of property be referred to in this policy, it shall be a part of this contract and a warranty by the insured."

And it is contended by appellant that this clause incorporates the application into the policy and that the insured is bound by anything that may be found in the application, but this is wholly inconsistent with that other clause found in the standard policy, which provides that the contract consists of the policy, "together with such other provisions, agreements, or conditions, as may be indorsed hereon or added hereto."

Both of these provisions cannot stand, and, since the former is against the interests of the insured and the latter favorable to him, the latter must prevail. 26 C. J. 72; Kennedy v. Ins. Co., 21 S. D. 145, 110 N. W. 116; Bolte et al. v. Fire Ins. Ass'n, 23 S. D. 240, 121 N. W. 773; McNamara v. Ins. Co., 1 S. D. 342, 47 N. W. 288; Edge v. St. P. F. & M. Ins. Co., 20 E. D. 190, 105 N. W. 281.

[6]    Under its second defense, appellant contends that plaintiff failed to file a proof of loss such as is provided for in the policy. Within a short time after the storm that damaged plaintiff's property, he went to defendant's local agent from whom he procured the policy and told him about his loss. The agent prepared a statement of the facts relative to the damage, as narrated by plaintiff. This was signed by plaintiff and by the agent, who said he would forward it to the defendant. Defendant treated it as a proof of loss and denied any liability on the policy. After the suit was started, and after the time for filing proof of loss had expired, defendant, tor the first time, questioned the sufficiency of the claim filed by plaintiff as a proof of loss. Defendant does not claim that it was in any manner prejudiced by the informality or insufficiency of proof of loss. Having acted upon it as though it were sufficient, and having failed to make objection within the time for filing another, it will now be held to have waived objection. Indeed the objection, made at the time it was, and under the circumstances, is too utterly trivial to have been made in good faith or to merit any consideration.

Other matter discussed by counsel are not material to a disposition of the case and need not be considered.

The judgment and order appealed from are affirmed.

CAMPBELL, J., concurs in the result.