ELMER DOHLIN ET AL., APPELLANTS, V. DWELLING HOUSE MUTUAL INSURANCE COMPANY, APPELLEE.

FILED NOVEMBER 24, 1931. No. 27966.

*Max V. Beghtol, Glen H. Foe* and *James L. Rankin,* for appellants.

*George E. Hager* and *Perry W. Morton, contra.*

Heard before GOSS, C. J., DEAN, EBERLY and PAINE, JJ., and REDICK, District Judge.

PER CURIAM.

Elmer Dohlin and Mrs. Ellen McKinney brought suit in the district court for Lancaster county against the Dwelling House Mutual Insurance Company of Lincoln to recover on an alleged oral agreement to renew certain insurance policies upon which there was a loss. After the plaintiff's evidence was taken, the district judge directed a verdict for the defendant.

The plaintiff, Elmer Dohlin, carried fire insurance in the defendant company upon a dwelling and flour and feed building and contents, located in Palmer, Nebraska, which insurance expired in March, 1930. The plaintiff, Elmer Dohlin, claims that he applied to E. E. Johnson, a soliciting agent of defendant company, residing at St. Paul, Nebraska, to renew said insurance, which is absolutely denied by said agent. Upon April 3, 1930, the dwelling and flour and feed building were destroyed by fire. Notice of said loss was given to the said E. E. Johnson and to the de-

fendant company, but no part of said loss has been paid. The other plaintiff was named in the mortgage clause which had been attached, making the insurance in case of loss payable to her.

The defendant admitted that E. E. Johnson was its authorized agent and had solicited and received applications for insurance upon the frame building and the hatchery and the contents of the flour and feed building, which insurance was issued but had expired prior to the date of the loss in question, and that said insurance was not renewed, and that no policies of insurance were outstanding on the date of the fire and that defendant was not liable for the loss that occurred.

The evidence discloses that a special agent of said company examined the property insured in March and advised the company not to renew the policies as the risk was undesirable. The agent, Johnson, testified that he had been working for the defendant company for some ten years, and that during that time he had solicited and received applications for insurance, which he sent in to the company, and all policies of insurance were written by the company in Lincoln, and usually returned to him, and he delivered them and collected the premium. He testified positively that after delivering the policies and collecting the premiums thereon, which policies had expired prior to the fire, that he had never again talked with Mr. Dohlin regarding insurance until after the fire, and that Mr. Dohlin had never told him that he wanted the policies renewed; while, on the other hand, Mrs. Ellen McKinney testified that when Mr. Johnson was there he stated in her presence: "I always take care of renewals, unless otherwise ordered I will take care of your renewal."

In January of 1930, Mr. Dohlin wrote Johnson a letter in regard to a slight change in the tenancy of the building, which letter was forwarded to the defendant company at Lincoln and an answer made by Frank Mills, secretary, in which he uses this language: "Replying to the letter from Mr. Elmer Dohlin, regarding the change in occupancy

of the old restaurant building, that will not make any difference in the insurance, and when we renew these policies in March we will make the change accordingly."

It is contended by the appellant that this was a promise to renew these policies over the signature of the secretary of the company, but the statement, "when" we renew these policies, may mean "if" we renew these policies, or "provided" we renew these policies. *Van Brunt & Wilkins Mfg. Co. v. Kinney,* 51 Minn. 337; *State v. Huston,* 21 Okla. 782; *Atlantic Coast Line R. Co. v. Jones,* 132 Ga. 189.

The contention of the appellants that the agent, Johnson, promised to renew the policies when they expired would not necessarily bind the defendant company, for "where the agent of an insurance company undertakes to act for and on behalf of the assured, as to such acts, he is to be regarded as the agent of the assured and not of the company." *Parker v. Knights Templars & Masons Life Indemnity Co.,* 70 Neb. 268.

All parties knew that the policies must be written in the home office at Lincoln, and that Johnson, the agent, had no apparent authority and was not authorized to make a contract of renewal of the policies upon said property. *Bridges v. St. Paul Fire & Marine Ins. Co.,* 102 Neb. 316.

There was no policy of insurance in force with the defendant company at the time of the fire. Such policies expire according to their terms, and the district court was right in sustaining the appellee's motion for a directed verdict in this case, and the judgment of the district court was right and is

AFFIRMED.