O. M. GREEN, Receiver, Appellee, v. PHOENIX INSURANCE COMPANY of Hartford, Connecticut, Appellant.

No. 41765.

APRIL 4, 1933.

D. Cole McMartin, for appellant.

E. L. Carroll, for appellee.

DONEGAN, J.—On the 19th day of December, 1929, the then owners of a house and lot in the town of Prescott, Adams county, Iowa, executed to one Jake Stoner their mortgage covering said premises in the sum of $1,500. On the 12th day of January, 1931, said Stoner commenced an action to foreclose said mortgage, and on the 19th day of January, 1931, he applied to the firm of Gauthier & Larson, agents of defendant-company at Corning, Iowa, for insurance upon the house upon said lot. Larson, one of the members of said firm, made out an application for insurance to the defend-

ant, Phœnix Insurance Company of Hartford, Connecticut, and a few days thereafter a policy for $1,800 was issued upon said application in the name of said Bernice Hagaman as owner, with loss, if any, payable to Jake Stoner, mortgagee, as his interest might appear. On the 3d day of March, 1931, a decree foreclosing said mortgage was entered, and on the 4th day of April, 1931, the said property was sold under special execution and purchased by said Jake Stoner for the amount of his mortgage, interest, and costs. On the 11th day of May, 1931, by a supplemental order and decree, O. M. Green was appointed receiver of said mortgaged property. On the 1st day of June, 1931, the house upon said lot was totally destroyed by fire, and on the 10th day of July, 1931, the plaintiff filed this action in the district court of Adams county, Iowa, to recover the full amount of said policy of insurance. On the 26th day of September, 1931, defendant filed its answer. On the 9th day of March, 1932, defendant filed an amendment to its answer, and on the same day the plaintiff filed a reply to said answer and amendment. Trial was had to the court. At the close of plaintiff's evidence, the defendant filed a motion asking that the plaintiff's case be dismissed, which motion was overruled by the court. On the 6th day of April, 1932, the court filed its decree and judgment in favor of the plaintiff for the full amount of the policy. On the 13th day of April, 1932, the defendant filed a motion for new trial which was overruled by the court. Thereafter, the defendant appealed to this court from the decree and final judgment and all rulings adverse to it.

 I. The defendant-appellant, as its first ground for a reversal, contends that the trial court erred in refusing to sustain the first ground of its motion to dismiss plaintiff's case. The first ground of appellant's motion to dismiss plaintiff's case was that the property covered by the policy of insurance sued upon was transferred after said policy had been written, without the knowledge or consent of the defendant, contrary to the terms of said policy. The policy of insurance sued upon contained the following provision:

"Unless otherwise provided by agreement of this company, this policy shall be void if any change other than by death of the insured, whether by legal proceeding, judgment, voluntary act of the insured or otherwise, take place in the interest, title, possession or use of the subject of insurance, if such change in possession or use makes the risk more hazardous."

Appellant contends that this provision of the policy was violated because, after the issuance of the policy, the premises in question were transferred by said Bernice Hagaman to James Fadden, and by said Fadden to J. H. Stoner. It appears from the record that such J. H. Stoner is not the same person as Jake Stoner, the mortgagee who made application for the policy of insurance sued upon herein.

Appellee meets this contention of the appellant with the assertion that at the time the insurance was applied for the defendant's agent was told that Stoner wanted insurance to cover his interest as mortgagee during foreclosure proceedings and period of redemption; that the actual owner was not known to Stoner, but that the records showed the title to be in one Bernice Hagaman; that the defendant's agent was notified of the filing of the conveyances from Bernice Hagaman to Fadden and from Fadden to J. H. Stoner; and that the appellant-company, having written a policy with this knowledge on the part of its agent, cannot avoid its liability by the provision of its policy in regard to a transfer of the title to the property.

It appears without dispute in the record that at the time the insurance was applied for defendant's agent was told by one Fackler, who acted as attorney and agent for Jake Stoner, the mortgagee, that he desired insurance to protect the interest of said mortgagee and was not seeking the insurance for the owner; that, while the title appeared of record in the name of Bernice Hagaman, said Fackler did not know whether there was any such person or not, and that it was hard to tell just who did own the property; and that defendant's agent informed said Fackler that he would have to put in the name of some one as the title holder to get the insurance. It further appears that, pursuant to this conversation with defendant's agent, such agent made an application in the name of Bernice Hagaman as title holder, with loss payable clause to Jake Stoner, for insurance in the amount of $1,800, and that a few days thereafter the policy in question was issued by the defendant-company in the name of Bernice Hagaman as owner, with loss payable to Jake Stoner as his interest may appear. It must be borne in mind that this suit is brought by the plaintiff upon the policy which was issued. Plaintiff attached a copy of this policy to his petition and introduced the policy in evidence. This policy contains the provision in regard to change of interest or title referred to above. It was accepted and retained by Jake Stoner, and no objection was made by him, or by

1224

the plaintiff as his assignee, to any of its provisions. This is an action at law upon the policy itself, to enforce payment of the amount claimed due thereunder, and is not an action in equity to reform such policy. As this case is now presented to us, this court is powerless to modify or ignore any of the provisions of the contract contained in the policy, and the provision in regard to change of interest or title must be given full force along with all its other provisions.

This brings us to a consideration of appellee's contention that the appellant was notified through its agent of the changes which took place in the title to the property. It appears without dispute in the evidence that the agent to whom it is claimed this notice was given is a soliciting agent of the defendant-company, and that there is nothing to show that he had any power or authority other than such as is ordinarily exercised by soliciting agents. It seems to be the established law of this state that knowledge which is brought to the soliciting agent of an insurance company in connection with the application for and issuance of insurance will be imputed to the company: 26 C. J. 296; Gurnett v. Atlas Mutual Ins. Co., 124 Iowa 547, 100 N. W. 542; Fitchner v. Fidelity Mutual Fire Ins. Co., 103 Iowa 276, 72 N. W. 530; Erb v. Fidelity Ins. Co., 99 Iowa 727, 69 N. W. 261. It seems equally well established that knowledge on the part of a soliciting agent as to things which occur after the issuance of a policy will not be binding on the insurance company, and that no waiver or estoppel can be established against an insurance company because of notice to or knowledge of its agent in regard to violations of provisions of a policy which occur after it has been issued: O. S. Garretson v. Merchants & Bankers Insurance Co., 81 Iowa 727, 45 N. W. 1047; William Dryer v. Security Fire Insurance Co., 94 Iowa 471, 62 N. W. 798; E. E. Taylor v. State Insurance Co., 98 Iowa 521, 67 N. W. 577, 60 Am. St. Rep. 210; Henry Cornelius, Executor of Estate of Frederick William Cornelius v. Farmers Insurance Co., 113 Iowa 183, 84 N. W. 1037; W. L. M. Wensel v. Property Mutual Insurance Association, 129 Iowa 295, 105 N. W. 522; George C. House v. Security Fire Insurance Co., 145 Iowa 462, 121 N. W. 509; Don E. Neiman, Trustee, v. Hawkeye Securities Fire Insurance Co., 205 Iowa 119, 217 N. W. 258. It appears without dispute in the evidence in this case that the defendant's agent did not notify it of the transfers affecting the changes of title which the evidence shows to have occurred after

the policy was issued. It is well established that a violation of a provision in regard to a change of interest or transfer of title will be sufficient ground to relieve an insurance company from liability. The defendant-appellant in this case pleaded the violation of this provision as a defense, and, in view of the record to which we have referred, the first ground of defendant's motion to dismiss plaintiff's action should have been sustained.

We again desire to make it clear that this suit is upon the policy containing the provision set out by the appellant as a defense. Whether or not such provision might be eliminated by a suit for the reformation of the policy, we do not now determine, because this action is not one for such reformation. Appellee in his argument now contends, and the lower court so held, that there is no evidence that any transfer was made of the legal title of the premises subsequent to the issuance of said policy of insurance. The evidence of the plaintiff's witness, Fackler, who was the attorney and agent of Jake Stoner, the mortgagee, shows without dispute that on April 28, 1931, a deed from Bernice Hagaman to James Fadden was recorded in the recorder's office of Adams county, Iowa, and that on May 16, 1931, another deed from said James Fadden to J. H. Stoner was recorded in the recorder's office of Adams county, Iowa, and that the said Fackler notified the defendant's agent of these transfers. In view of this state of the record, it seems unnecessary to further consider the appellee's contention that no change of title took place.

II. The judgment rendered by the trial court contained the following:

"The court further finds that the said policy, Exhibit 'B' contains the following provisions: 'This policy is issued and accepted subject to the foregoing and following stipulations and conditions, together with such other provisions, agreements or conditions, now or hereafter specifically authorized by law, as may be endorsed hereon or added hereto.' And that this provision is contained on the face of the policy and appears above the signatures of the President, Secretary and Manager of the defendant company; that those signatures appear at the bottom of the first page and on the back of this page appears certain provisions in regard to loss, etc., but these provisions are not signed by any one, nor is there anything on the policy which indicates that they are a part thereof. * * * The court

finds that under the form of this policy the unsigned provisions appearing on the back thereof are not any part of the policy and that there is nothing which appears on the face of the policy and above the signatures of the officers of the defendant company which would in any way prevent recovery on the part of the plaintiff herein."

Appellant complains of this holding of the trial court that the policy of insurance sued upon was not a legal and enforceable contract as to the conditions on the back thereof, some of which were pleaded as defenses by appellant. The policy sued upon and introduced in evidence has been certified to this court, and consists of a printed form of policy with blanks for suitable insertions. The printed matter, so far as it affects the loss in this case, is contained upon the face and the reverse side of one sheet of paper. The face of the policy contains in substance a statement of the payment of the premium, the description of the property, the agreement of the company to insure, the length of the term of insurance, a provision in regard to other insurance, and the clause which is quoted by the trial court in the paragraph of the judgment entry referred to. Following these matters, and likewise on the face of the policy are the signatures of the president, secretary, and manager; on the reverse side, or second page, are set out certain provisions which refer to the policy and are apparently a part of it. The provisions in regard to change of title and proofs of loss are contained upon the reverse side or second page of the policy.

The provisions on the reverse side of the second page of the policy are numbered with Roman numerals from II to XVIII inclusive. The provision of the policy quoted by the trial court appears upon the face of the policy immediately before the execution clause and signatures of the officers, and is designated by the Roman numeral "XIX". All of these provisions seem to comply with the standard form of policy as required by section 9018 of the Code, 1931. In the form of policy set out in said section of the Code, all of the provisions of the policy are placed before the execution clause and signatures of the officers. In the policy sued upon in this case, the provision designated as "XIX" is set out before the execution clause and signatures of the officers, and all of the other provisions, numbered II to XVIII inclusive, follow such execution clause and signatures. In the policy sued upon in this case, said

provision "XIX", which appears before the signatures of the officers, is as follows:

"This policy is issued and accepted subject to the foregoing *and following* stipulations and conditions, together with such other provisions, agreements or conditions now or hereafter specifically authorized by law as may be endorsed hereon or added hereto." (Italics are writer's.)

In the form of policy set out in the section of the Code above referred to, the form is exactly the same with the exception that the italicized words "and following" are not contained therein. No other provision appears on the face of the policy following provision XIX and above the execution clause and signatures of the officers. There are no provisions in the policy, therefore, to which the words "following stipulations and conditions" can refer, except those provisions which appear upon the reverse side thereof. It seems quite apparent that by putting this provision on the face of the policy and inserting the words "and following", the contract is made to expressly contain all the stipulations and conditions contained upon the reverse side thereof. Moreover, all the stipulations and conditions contained upon the reverse side of the policy are such as the statute above referred to expressly says shall be embodied in the policy. In view of the provisions of the statute and of the policy itself, the trial court was in error in holding that the stipulations and conditions on the reverse side of the policy did not constitute a part thereof.

III. Complaint is also made of the holding of the trial court that the failure of the appellant to tender back the premium paid by the appellee was in any way material to any issue in this case. Appellee argues that by retaining the premium paid to it the appellant waived any right it might have had to avoid the policy. The appellant contends that there was no sufficient pleading in this case to raise any issue in connection with the payment to or retention of such premium by appellant. The record shows that the policy was written by the appellant upon an application made out by its agent; that such agent made such application after having told the attorney and agent for the mortgagee, Jake Stoner, that this was the only way which he knew of obtaining insurance to protect the mortgagee; that such application was made for insurance in the name of Bernice Hagaman as owner with loss, if any, payable to

Jake Stoner, mortgagee, as his interest might appear; and that Jake Stoner, the mortgagee, through his agent and attorney, Fackler, knew that this was the form in which the application was to be made. The record further shows that the policy issued was issued in compliance with the application which was made, and that it was delivered to, accepted by, and retained by the mortgagee, Jake Stoner. There is nothing in the record to show that any objection was made by the said mortgagee, Jake Stoner, or by any one in his behalf, in regard to the form of the policy, and there is nothing in the record to show that any knowledge was brought to the appellant-company in regard to any violation of any of the conditions of the policy prior to the time of the fire which destroyed the house which was insured.

"The weight of authority is to the effect that no foundation for a waiver or estoppel is furnished by the failure of the insurer to return the unearned portion of the premium where it did not acquire knowledge of the breach of condition until after loss and then denied liability." 26 C. J. 326.

Houdeck et al. v. Merchants & Bankers Insurance Company, 102 Iowa 303, 71 N. W. 354; Kahler v. Iowa State Insurance Company, 106 Iowa 380, 76 N. W. 734. The acceptance and retention of the premium by the appellant in this case did not, therefore, constitute a waiver or estoppel, and did not preclude it from claiming the invalidity of the policy because of the violation of any of the terms or conditions thereof.

Other errors are alleged by the appellant. As the judgment of the trial court must be reversed for the reasons already given, and, as the matters involved in such other alleged errors have already been considered, or are such as will probably not occur upon a retrial of the case, we deem it unnecessary to extend this opinion to greater length in order to specifically pass upon them. The judgment of the trial court will be set aside and a new trial granted.— Reversed.

All Justices concur.