BISSON, Respondent, v. THE FARMERS INSURANCE COMPANY OF MINNEHAHA COUNTY, Appellant.

(268 N. W. 698)

(File No. 7897. Opinion filed August 18, 1936.)

*B. O. Stordahl,* of Sioux Falls, for Appellant.

*T. R. Johnson,* of Sioux Falls, for Respondent.

POLLEY, P. J. This is an appeal from the municipal court of the city of Sioux Falls.

At the outset we are met by an objection by the respondent to the consideration of the appellant's brief. These objections are based upon the ground that appellant's assignments do not refer to any specification of error in the settled record upon which they are predicated; that the assignments do not refer by page or folio to that portion of the brief wherein the matter complained of may be found; that they do not refer to the page of the settled record where the alleged assignment of error may be found; that matters are assigned and argued in the brief that were not presented to the trial court on the motion for a new trial; and that the appellant has not complied with rule No. 4 of this court in the preparation of his brief. These objections are well taken, and might be sufficient ground for disregarding appellant's brief, but appellant has filed a reply brief wherein he has corrected the errors complained of by the respondent and made it possible, although with increased work for the court, to consider the appellant's brief.

The action was brought to recover on a policy of fire insurance. The insured property was personal property, and consisted of various items enumerated as household furniture, including stoves, beds, bedding, pictures, phonographs, clothing, and provisions; sewing machine, books, hay, fodder, silage, grain and seed, farm machinery, tools, implements, cream separators, wagons, carriages, sleighs, harness, horses and mules, cattle, hogs poultry, automobiles, autotrucks, and "on gasoline engines and tractors $400.00."

The defendant admitted the loss of, and paid for, all the insured property except the one item listed as "Gasoline engines and tractors"; and plaintiff admitted that he had no gasoline engines,

except a small one not worth more than $15 or $20, nor tractors, at the time the policy was written nor at any other time. On the other hand, plaintiff did have a Delco lighting plant which was destroyed by the same fire that destroyed the other property listed in the policy, and it is contended by plaintiff that the item "Gasoline engines and tractors" listed in the policy was intended to cover the Delco lighting plant. There was no attempt to reform the policy, but the trial court found as a fact "that it was the intention of the parties at all times herein mentioned to have such insurance embrace and cover said light plant; that the plaintiff at no time owned any tractor, and said light plant was operated by a gasoline engine; that all of such facts were known to the defendant at the time of the application for insurance; that the defendant had knowledge thereof through E. J. Berdahl, who was then one of its general agents and an officer and director, towit: its treasurer."

This finding is not supported by any competent evidence in the record. It takes more than an unexpressed intention to constitute a fire insurance policy. The policy involved is a standard form, and one of the purposes of adopting such form was to require that every part of the contract of insurance be reduced to writing and be contained in or attached to the policy; and the policy itself is the only competent evidence of its contents. Hronish v. Home Ins. Co., 33 S. D. 428, 146 N. W. 588.

The item "Gasoline engines and tractors" does not suggest "Delco light plants" any more than another item in the same list, "Threshing machines (while in shed)," suggests "fanning mills" or "grain drills." To agree with respondent's contention would be to hold that a fire insurance policy might be partly written and partly parol. This would be a clear violation of the law, and the court erred in making the above finding.

The judgment and order appealed from are reversed.

CABPBELL, ROBERTS, and RUDOLPH, JJ., concur.

WARREN, J., dissents.