STRATTON, Appellant, v. UNITED STATES FIRE INSURANCE CO. OF NEW YORK, Respondent

(25 N. W.2d 239)

(File No. 8858. Opinion filed December 11, 1946.)

**Royhl & Longstaff,** of Huron, for plaintiff and Appellant.

**Roy E. Willy,** of Sioux Falls for defendant and Respondent.

ROBERTS, J. After trial without a jury and decision for defendant, plaintiff appeals from the judgment.

The action is on a policy of fire insurance issued by the United States Fire Insurance Company of New York to Melissa Stratton. The loss occurred May 15, 1945. The period of coverage described in the policy began at noon April 21, 1942, and expired at noon April 21, 1945. The defense interposed was that the policy expired prior to the loss.

It appears without controversy that on April 21, 1942,

plaintiff signed an application blank for the purpose of securing insurance coverage on her farm buildings and certain personal property. The application was thereafter filled in by the local agent of the defendant company and was received by the company at its office in Freeport, Illinois, on April 27, 1942. The application was approved and a policy was executed by the defendant company on April 29, 1942. The policy thereafter was mailed to insurer's local agent in Huron, South Dakota, but was not delivered to plaintiff until May 22, 1942, at which time plaintiff paid the premium.

It is the contention of plaintiff that the policy did not become effective until it was delivered to the insured and the premium was paid, that plaintiff paid for insurance for three years and that the policy having not been delivered until May 22, 1942, was in effect at the time of loss.

■ The policy is a state standard fire insurance policy. The statute contemplates that the whole contract of insurance shall be contained in such a policy. SDC 31.24; Hronish v. Home Insurance Co., 33 S. D. 428, 146 N. W. 588; Bisson v. Farmers Ins. Co. of Minnehaha County, 64 S. D. 525, 268 N. W. 698; Orr v. National Fire Ins. Co., 50 S. D. 519, 210 N. W. 744. The statute provides that no fire insurance company shall issue any policy other than that of the standard form set forth therein. There are certain exceptions which are not here material. No element of a valid insurance contract could be more essential than that of the duration of the risk. There is found space in the statutory form for designation of the time when the risk will commence and terminate and consistent therewith the policy contained the stipulation that it expired at noon April 21, 1945. Plaintiff accepted and retained the policy containing such provision and made no objection thereto.

■■ This action is upon the policy. There are no allegations of fact constituting mutual mistake or fraud in making the contract or in issuing the policy and plaintiff offered no evidence to justify reformation. We cannot disregard the plain and unequivocal terms of the policy and make a new contract for the parties. Christensen v. Royal Ins. Co., 65 S. D. 246, 272 N. W. 820; Binder v. General

American Life Ins. Co., 66 S. D. 305, 282 N. W. 521. It may be conceded that the policy was antedated to cover a period during which no risk was assumed by the defendant company. Being a voluntary contract, there is no reason why the parties could not make a contract on such terms. The date of termination did not relate back and become operative three years after the risk commenced or in other words was not necessarily determined by the date when the premium was paid or when the policy was countersigned or when the policy was delivered. Where, as in this case, the policy explicitly states that the expiration date was at noon April 21, 1945, it expired according to its terms. Green v. Phoenix Ins. Co., 215 Iowa 1220, 247 N. W. 660; Dohlin v. Dwelling House Mutual Ins. Co., 122 Neb. 47, 238 N. W. 921; Dillon v. General Exchange Ins. Corp., Tex. Civ. App., 60 S. W.2d 331.

The judgment appealed from is affirmed.

RUDOLPH, P.J., and SMITH and SICKEL, JJ., concur.

POLLEY, J., not sitting.